**In re Ricardo LOPEZ RODRIGUEZ and Iris A. Diaz Beauchamp, Debtors.**

**Bankruptcy No. B–86–02227 (ESL).**

United States Bankruptcy Court, D. Puerto Rico.

July 10, 1987.

Reinaldo Ramos Collazo, Hato Rey, P.R., for debtors.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This matter is before the Court on the motion by debtors' attorney requesting attorney's fees in the amount of six hundred dollars ($600.00) for the work performed and to be performed in the instant Chapter 13 petition. The moving attorney states that his customary rate for Chapter 13 cases is $600.00, that said rate covers all the work to be performed related to the Chapter 13 petition, such as handling motions to lift stay under 11 U.S.C. § 362, that it takes an average of ten (10) hours to handle a Chapter 13 case, that said fee has already been approved by the Court since May 1986, and that as a consequence of the foregoing he contracted with the debtors to handle their case for $600.00 and expected the Court to approve the fee as it had done before.

This Court accepts the moving attorney's statements as proven facts. During the months of April and May 1987 this Court surveyed the attorneys appearing before the Court for Chapter 13 confirmation hearings. The general consensus is that an average Chapter 13 case entails approximately ten (10) hours of work. The fees being charged in this district for Chapter 13 petitions ranges from $450—$600.00 dollars. The substantial majority of attorneys filing Chapter 13 cases are charging $500.00.

### Discussion

Section 330 of the Bankruptcy Code governs the award of attorney's fees in bankruptcy cases. Section 330 states that:

"(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title [11 USCS §§ 326, 328 and 329], the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title [11 USCS § 327 or 1103], or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title [11 USCS §§ 101 et seq.]; and (2) reimbursement for actual, necessary expenses."

The Court of Appeals for the First Circuit has adopted the "loadstar" analysis to review the reasonableness of attorney's fees within the bankruptcy context. *Boston and Maine Corp. v. Moore*, 776 F.2d 2, 6 (1st Cir.1985); *Boston and Maine Corp. v. Sheehan, Phinney, Bass & Breen*, 778 F.2d 890, 894 (1st Cir.1985).

Under the loadstar analysis the number of hours worked is multiplied by a reasonable hourly rate. The loadstar fee may be adjusted up or down taking into account several factors. The more commonly known twelve factors are (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.1977). *Harman v. Levin*, 772 F.2d 1150, 1152 fn. 1 (4th Cir. 1985).

The loadstar fee and the aforementioned twelve factors are applicable in determining reasonable attorney's fees pursuant to 11 U.S.C. § 330 in Chapter 13 cases. *Harman v. Levin*, 772 F.2d 1152, but are not the only permissible arrangements.

The Court in *Boston and Maine Corp. v. Sheehan*, 778 F.2d 895 observed that the loadstar analysis was developed by the courts for cases wherein the services had been rendered and a fee agreement had never been negotiated. The Court found that nonhourly fee arrangements may be permissible.

The facts show that the time and labor required in an average Chapter 13 case is ten (10) hours and that the customary fee and awards in similar cases ranges from $450.00 to $600.00.

This Court agrees with the decision in *Harman v. Levin*, 772 F.2d at page 1153 that:

"Chapter 13 bankruptcy cases often involve a number of relatively routine questions with which regular practitioners quickly become familiar, so they represent the type of cases where a court may well utilize factors in addition to the time reasonably expended and a reasonably hourly rate."

Of particular interest to this Court are the generally accepted factors of quality of representation and results obtained. A Chapter 13 case that reaches the confirmation hearing with all reasonably foreseen problems already solved, or, at least, with the appropriate legal and/or administrative action underway is prima facie evidence that the attorney provided the expected quality of representation and obtained the result relied upon by the debtor when he/she hired the attorney. Those

cases that continue to the confirmation hearing with the same problems indicated by the Chapter 13 trustee at the § 341 meeting hearing or by an objection to confirmation of the Chapter 13 plan denote a quality of representation that warrants the adjustment "down" of the agreed rate. The Court will also consider as a factor the total amount to be paid under the confirmed Chapter 13 plan.

■ The practice in this district is to charge a fixed rate for the filing of a Chapter 13 petition. The Court finds that the rates ranging from $450.00 to $600.00 are reasonable provided the quality of service and results obtained are as expected by both the debtor and the Court and that the fee does not exceed twenty-five percent (25%)[1] of the payments to be made under the plan.

■ In cases wherein the attorney for the Chapter 13 debtor wants to charge a fee in excess of $600.00 or in excess of 25% of the payments under the Chapter 13 plan, the Court will apply the loadstar analysis to determine the reasonableness of the fee.

### Conclusion

In view of the foregoing, movants application for attorney's fees in the amount of $600.00 is hereby granted.

IT IS SO ORDERED.

---

**1.** The twenty-five percent (25%) figure is based on the attorney's fee allowed under the Social Security Act, 42 U.S.C. § 406(b)(1), 20 C.F.R. § 404.1730; and under Section 742 of Title 4, Laws of Puerto Rico Annotated, which regulates attorney's fees of a contingent nature in actions to recover damages.