**In re Jeffrey & Janine RICHARDSON, Debtor.**

**Bankruptcy No. 87 B 15880.**

United States Bankruptcy Court, N.D. Illinois, E.D.

May 6, 1988.

Law Office of Peter F. Geraci, for debtor.

Jack McCullough, Chicago, Ill., Chapter 13 Trustee.

## MEMORANDUM OPINION ON APPLICATION OF DEBTOR'S COUNSEL FOR FEES

JACK B. SCHMETTERER, Bankruptcy Judge.

In this proceeding filed under Chapter 13 of the Bankruptcy Code, Debtors' counsel has requested an allowance of $950 for fees. For reasons stated below, an order allowing only $750 is entered this date and the additional amount requested is denied.

The standards by which this Court must consider fee applications is set forth in *In re Wildman*, 72 B.R. 700, 15 B.C.D. 1189 (Bankr.N.D.Ill.1987). However, in Chapter 13 cases, the Bankruptcy Judges in this District generally employ a two page form designed to simplify fee applications in the thousands of small Chapter 13 cases (18,-423 now pending in the whole District, 2,091 now pending before this Judge as of March 31, 1988). The usual practice is that fee applications within normal range are readily granted upon confirmation of debtor's plan if such applications comport with legal standards and no special issues are presented. If such applications do not appear customary for services reflected, or do not comport with legal standards, or present other questions, the Court orders counsel to supplement the application and sets a hearing to consider the application as supplemented. Following an initial fee award upon confirmation, supplemental post-confirmation applications are considered upon notice and motion based on necessary legal work demonstrated. Of the many thousands of initial fee applications reviewed by this Court at confirmation in both simple and complex Chapter 13 cases, most by far present requests in the range of $450 to $750. Of the minority of such petitions that request fees in excess of $750, many are granted upon a demonstration of necessary work, issues, results, and other factors showing entitlement to a fee above the norm.

Debtors' Chapter 13 Plan herein was confirmed on January 7, 1988. Upon review of counsel's fee application for $950, it appeared unusually large in the light of the simple plan and case presented. Therefore an order was entered on the usual form so as to require additional information, and hearing was set thereon. The form order for such hearing did not require the detailed format required in more complex cases by *Wildman* and other authority. Instead, counsel was only ordered to supply "detailed information as to daily work performed" and to serve same on his clients, the Chapter 13 Trustee, and any party entitled to prior order to receive notice.

Counsel filed the requisite supplement on March 1st. It was presented in satisfactory form, and reflects 8.2 hours of work. The work reported by counsel were those tasks generally required in small, ordinary and uncomplicated Chapter 13 cases where no major creditor battle has ensued. At the hearing held on March 8th, the Court observed that this has been a very small uncomplicated case. The Debtors' Plan scheduled secured debts listed at $500 on an auto ($4,839 due on a 1980 Datsun valued by Debtor as security worth only $500), plus unsecured debt of $6,739 (including debt for the unsecured portion of claims on the auto), later amended to add a debt of $423. No home appears to be involved in this case.

██ Under long standing authority, among the many factors to be considered by a Bankruptcy Judge with respect to fee applications are novelty and difficulty of the issues, the customary fee, and the amount involved and results obtained. *Wildman*, 15 B.C.D. at 1196–7 and authority cited. In reviewing a fee petition, the Court should apply its own experience and expertise in order to be fair to counsel and also to the debtor and creditors. *Id.* at 1191 and 1197 and authority cited. Applying all the requisite standards to this uncomplicated small case, and mindful of the usual fee range in this type of case in Chicago, the Court observed at the fee hearing on March 8th that in the experience of this Court from review of many thousands of Chapter 13 fee applications, a fee of $750.00 would be more in accord with the standards under review and the reasonable, customary and necessary fees requested by most counsel for debtors in Chapter 13 cases and generally allowed by the Bankruptcy Judges in this District for such work in a case of this nature. In this case, there were no novel or difficult issues; the amounts involved for the Debtors and creditors were small; the results obtained were not unusual; and the customary top fee in Chicago for such work is only $750, not $950.

At the hearing on March 8th, counsel protested the range of fees normally al-

lowed by this and the other Bankruptcy Judges in this District in small uncomplicated cases of the sort presented here, and complained of the difficulty of practice in this field. The Court invited a further supplement which was filed April 18th. Counsel did not seek to appear for further hearing offered on April 19th.

The further supplement filed on April 18th argues the undesirability and difficulty of counsel's Chapter 13 practice; compares normal fees allowed here in Chapter 13 matters to those normally allowed in other districts; complains of the time required to present detailed time records and appear in court for a hearing when higher-than-normal fees are requested here; compares the normal fees in Chapter 13 cases with normal fees in mortgage foreclosure cases; recounts his experience in major legal work and concludes that his hourly work is more valuable than the normal fee would allow for; argues that the work in Chapter 13 is more complicated that the Judges are crediting; recounts the history of rise in customary fee from a high of $500 in 1974 to an average high of $750 today; complains that many prior and present judges were and are hostile to Chapter 13 attorneys; alleges that he has been "driven out of" Chapter 13 practice by most of the Bankruptcy Judges of this District; and presents arguments of similar import.

He complains that Bankruptcy Judges who feel that a Chapter 13 case is not unusual and that the fees are excessive should take the stand and testify whenever they rely on their experience. Counsel apparently does not credit the authority earlier referred to under which a Bankruptcy Judge may and should rely in part on his experience and expertise in fee matters. ■ Counsel is certainly entitled to raise the foregoing considerations. However, his view that the Bankruptcy Judges of this District are hostile to Chapter 13 counsel is utterly misguided. Among our most thankless tasks is the duty to pass on fee applications with *sua sponte* analysis even in the absence of any objections by interested parties. *See Wildman.* Fulfillment

of that duty sometimes sets up an unhappy tension between bench and bar, as evident here. What the Judges view as fulfillment of their duty may be viewed by a few counsel, and certainly is viewed by this counsel, as judicial malice. However most professionals in Bankruptcy practice accept this aspect of judicial work as a necessary and proper task. Accepted or not, that's part of our job.

Apart from misconstruing the motives of the Judges, counsel fails to credit the effect of heavy competition in the Chicago area among Chapter 13 attorneys, competition that in this District reduces fees in the average small uncomplicated case below that in other Districts.

The filing of new Chapter 13 cases in this District as reported publicly by our Clerk's office continues at a high pace in this decade, although somewhat reduced last year:

1980—6,674
1981—7,413
1982—7,287
1983—6,437
1984—6,833
1985—6,593
1986—6,781
1987—6,161

The drop in such filing in 1987 was closely parallel to the drop in this District of filings in Chapter 7 and Chapter 11 cases in the same year. The number of law firms that practice in this area and appear frequently before this Court as counsel for many Chapter 13 debtors, is more than a dozen law offices. Heavy competition between them with the frequent aid of public advertisements has maintained the low normal fee in this District. In most cases they sell a product—a Plan to solve particular financial problems—for an agreed price within the normal range of fees requested in our Court. Except in rare instances, those counsel perform their service competently and serve their clients well. Those counsel who can operate efficiently within the fee spread set by competition do so. Others have left the Chapter 13 practice, because of competitive pricing and their less efficient office management, not driven out by the Bankruptcy Judges.

The Judges of this court have remained sensitive to the need of Chapter 13 counsel to receive fair compensation. But in the light of many small cases filed in this District by debtors at the very edge of financial collapse and in a last gasp effort to save their auto or house, excessive fee awards would sink their efforts and doom their plans. Those debtors and their creditors must also be considered when fees are considered. In the light of the size of fees in this District mainly determined by competition among counsel, and the foregoing considerations and legal standards earlier referred to, the average fee in small uncomplicated Chapter 13 cases remains in the range of $450 to $750.

However the flexibility of this Court and other Bankruptcy Judges in recent years is demonstrated by the frequent allowance of supplementary fees for post-confirmation additional demonstrated work, and the allowance of fees well in excess of $750 in complicated Chapter 13 cases where the stakes are high and the work and results warrant the larger fees.

■ Based on the foregoing considerations, counsel will by separate order be allowed only $750 as a fee in this particular case. However, the Court is mindful of the increasing costs of law practice in this city, and mindful also of the economic arguments heard from counsel from time to time before the bench for reconsideration of the top fees awarded in the average Chapter 13 case in this District. Some increase in the frequency of fees requested and allowed in the range of $850 has been noted. Therefore, this Judge has come to view fees of up to $850 as customary in this legal community in uncomplicated Chapter 13 cases involving significant debt and the saving of a home, assuming all other requirements of the law and the Court are complied with. Of course, higher applications will be considered when the facts and supplemental applications show that to be warranted. (All Bankruptcy Judge do hope that counsel will file their detailed applications for such larger fees without being ordered.) Likewise, lower fees may be awarded where the time and work demonstrated show that less is warranted.

Since counsel has received $58 from Debtor on this $750 fee, there is a balance due of $692. Based on considerations set forth in this Court's opinion in *Lanigan* and *Nailing* (copy appended hereto and made a part of this Opinion by this reference), and in view of monthly Plan payments herein of only $281, the allowed fee will be paid by Trustee in installments of $100/month as set forth in the fee order entered this date.