In re Eugene Henry PAUL a/k/a Gene H. Paul, 411–12–1419, Debtor.

**Bankruptcy No. 89 B 01648 C.**

United States Bankruptcy Court,
D. Colorado.

May 9, 1989.

Peter A. Milwid, Denver, Colo., for Paul.

### MEMORANDUM OPINION AND ORDER

PATRICIA A. CLARK, Bankruptcy Judge.

This matter is before the Court *sua sponte* on the application for fees by the debtor's attorney. On February 8, 1989 and March 24, 1989, counsel submitted an identical application stating that the fees to be charged debtor are $1,200, of which $700 has been paid, leaving a balance of $500 due. The fees appear unusually high in light of the circumstances of this case.

The background of this case is as follows. The Chapter 13 petition and plan were filed on February 8, 1989. Pursuant to the proposed plan, the debtor will pay $50 per month into the plan for 36 months. The plan contains a $1,120 payout (2.5% of each claim) to the three unsecured credi-

tors. There are no secured creditors. The only priority debts are to the Chapter 13 Trustee in the amount of $180 and to the debtor's attorney in the amount of $500. The file reveals that there was one Bankruptcy Rule 2004 exam by one of the unsecured creditors. There are no other indications that this case involved extensive time and effort on behalf of the debtor's attorney.

 A background of the Court's statutory responsibility to review fees is important to an understanding of this matter. In the District of Colorado, the attorney's fees of a Chapter 13 debtor are requested and reviewed pursuant to 11 U.S.C. §§ 329 and 330 and Local Rule 27. The Court is required to determine the reasonable value of the services that the attorney has agreed to provide.[1] The Court may cancel any agreement or order the return of any such payment to the extent that the requested compensation exceeds the reasonable value of such services. *E.g., In re Richardson,* 89 B.R. 716 (Bankr.N.D.Ill. 1988); *In re Dalton,* 95 B.R. 857 (Bankr.M. D.Ga.1989). Upon further application the Court may allow additional compensation when the problems of an individual debtor require services with greater frequency and duration than usual.

 The review of Chapter 13 attorney's fees, as well as fees in any other Chapter proceeding, is not an empty formality. The Court is guided by the factors set out in the case law, specifically those listed in *In re Permian Anchor Services, Inc.,* 649 F.2d 763 (10th Cir.1981), which adopted the guidelines for determining the reasonableness of attorney's fees set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). Those guidelines are:

1. The time and labor required;

2. The novelty and difficulty of the questions;

3. The skill requisite to perform the legal service properly;

4. The preclusion of other employment by attorney due to acceptance of the case;

5. The customary fee;

6. Whether the fee is fixed or contingent;

7. Time limitations imposed by the client or circumstances;

8. The amount involved and the results obtained;

9. The experience, reputation, and ability of the attorney;

10. The "undesirability" of the case;

11. The nature and length of the professional relationship with the client; and

12. Awards in similar cases. *Id.* at 717–719.

The twelve factors are appropriate to determine Chapter 13 attorney's fee awards. *Harman v. Levin,* 772 F.2d 1150, 1152 (4th Cir.1985).

The Court notes that the number of hours of service expended by counsel in a case incorporates many of the other factors to be considered by the Court in awarding compensation. As stated by the Sixth Circuit in *Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624, 642 (6th Cir.1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980) (cited by *In re Hamilton Hardware Company, Inc.,* 11 B.R. 326, 330 (Bankr.E.D. Mich.1981)), "The number of hours of work will automatically reflect the 'time and labor involved,' 'the novelty and difficulty of the question,' and 'preclusion of other employment.'" The court continued, "The attorney's normal hourly billing rate will reflect 'the skill requisite to perform the legal services properly,' 'the customary fee,' and the 'experience, reputation and ability of the attorney.'"

The Court is mindful of the fact that Chapter 13 bankruptcy cases frequently involve a number of relatively routine ques-

---

**1.** 11 U.S.C. § 330 provides guidance to determine what is encompassed in "reasonable compensation". The relevant portion of that section states:

(1) reasonable compensation for actual, necessary services ... based on the time, the nature, the extent, and the value of such services and the cost of comparable services other than in a case under this title; and ...

tions with which regular practitioners and their paralegals or secretaries quickly become familiar. *See Harman v. Levin,* 772 F.2d at 1153. Furthermore, all of the basic forms used in a Chapter 13 are established and provided for in the Local Rules, thus, a typical Chapter 13 case may only involve filing in the blanks. However, the Court is aware that the amount of time spent on what appears to be a routine matter may vary significantly depending upon the particular facts and circumstances of each case.

Additional guidance in reviewing fees is obtained from the Chapter 13 attorney's fee awards made in other Districts which average much less than those requested by many attorneys in Colorado. For example in the Chicago area, the attorney in the uncomplicated case in which the debtor saves their home receives about $850, *In re Wyslak,* 94 B.R. 540, 542 (Bankr.N.D.Ill. 1988); $750 is the going rate in other cases where no novel issues are presented, no unusual results are obtained and the amounts involved for the debtors and creditors are small, *In re Richardson,* 89 B.R. 716, 717 (Bankr.N.D.Ill.1988). Another example is Puerto Rico. In *In re Lopez Rodriguez,* 76 B.R. 252 (Bankr.D.P.R. 1987), the court held that reasonable rates for a Chapter 13 petition ranged from $450 to $600, provided that the quality of service and the results obtained were as expected by both debtor and court, and that the fee did not exceed 25% of payments to be made under plan.

■ Further, when the fee requested is questioned, it is not the Court's responsibility to justify the fee. The burden of proof in all fee matters is on the applicant. *In re Wildman,* 72 B.R. 700, 708 (Bankr.N.D.Ill. 1987). When the Court is not provided with sufficient information such as that which would be contained in contemporaneous time records, the Court has to indulge in guesswork to determine the value of services provided.[2] *See In re Tolan,* 41

B.R. 751 (Bankr.M.D.Tenn.1984). In the past, the Court examined the case file without the assistance of contemporaneous time records to determine what was done. It then applied its own experience and expertise, mindful of the guidelines from *In re Permian Anchor Services,* 649 F.2d 763, to determine the reasonable value of the services that the attorney agreed to provide. Without the assistance of time and service documentation, that method put an extraordinary burden on the Court.

■ An attorney for a Chapter 13 debtor should be prepared to justify the fee charged with sufficient documentation to allow the Court to make the findings required by *Permian Anchor Services.* Attorneys are required to keep "meticulous, contemporaneous and specific time records in order to be compensated for services." *E.g., In re Seneca Oil Company,* 65 B.R. 902, 908 (Bankr.W.D.Okla 1986), *see also In re Pair,* 77 B.R. 976, 980 (Bankr.N.D. Ga.1987). The requirement that attorneys provide the Court with such information is neither "more strict nor more lax than the practice of law generally requires." *Seneca Oil,* 65 B.R. at 908. In other words, there is no exception to keeping time records simply because the proceeding is one under Chapter 13 as opposed to some other Chapter.

■ The Court has carefully reviewed the file and the application in this case and is unable to discern whether the fees requested are merited. The case appears to be very simple and uncomplicated. There were no objections to confirmation or motions for relief from stay filed by any creditor. Moreover, since there are no secured creditors, there are no cured defaults, "cram downs," or motions to void liens. There are only three unsecured creditors. The amount of debt involved and the results obtained are not unusual. Facially, the $1200 fee requested appears excessive.

2. This division, as well as the other divisions in the Court, has approximately 6,000 active bankruptcy cases. This is approximately three times the 1,800 case load per Bankruptcy Judge suggested by the Administrative Office of the United States Courts. The substantial caseload does not permit the Court to hold extensive hearings to determine the reasonableness of the fee charged in each case, especially without proper evidence to support the fee requested.

The Court needs further information to determine if the fees requested are merited. Hence, to properly place the burden of proof where it belongs, the attorney should supplement the fee application with detailed information as to the daily work performed on this case. The supplement must be supported by adequate information.[3] The supplement must be constructed from contemporaneous records and state the date, the number of hours spent each day in tenths of an hour on a particular task and a short concise statement of the task and who performed it. The supplement should specify, by name or category of creditors, to whom letters were sent, and indicate the substance of the communication. The same information should be provided regarding telephonic communication. The supplement should not lump services together. The attorney should file the supplement with the Court and serve a copy of the supplement on his client and the Chapter 13 Trustee. The attorney should notify any party entitled to receive notice under Bankruptcy Rule 2002(a)(7) that a copy of the supplement is on file with the Court. Then, if necessary, the matter shall be set for a hearing.

The Court is fully aware of the need of Chapter 13 counsel to receive fair compensation. However, the Court is also cognizant of its obligation to the debtor and to the creditors not to permit excessive fees to their detriment. Unfortunately, fulfillment of this statutory duty "sometimes sets up an unhappy tension between the bench and the bar," but it is a "necessary and proper task." *Richardson*, 89 B.R. at 718. The use of the above procedure will enable the Court to meet its statutory responsibility and allow the reasonable compensation to which the attorney is entitled.

■ Furthermore, in the interests of economy to debtors and to their counsel, the Court shall adopt the following procedure for cases filed in the future. The attorneys for Chapter 13 debtors should attach a supplement to their fee application and disclosure statements with detailed information of the daily work performed consistent with the procedure previously explained.[4] The attorneys must file the supplement with the Court and serve a copy of it on their client and the Chapter 13 Trustee. They should notify any other party entitled to receive notice that a copy of the supplement is on file. Then if necessary, the matter shall be set for a hearing. The same procedure should be followed in all cases where additional compensation is requested post-confirmation.

ORDERED that within ten days of entry of this order, the attorney for the debtor shall file a detailed supplement to his fee application according to the procedure set out above, failing which the application shall be deemed denied without further notice and hearing.

FURTHER ORDERED that the motion for confirmation shall be granted, notwithstanding the delay in determination of the appropriate fee award.

---

**3.** The Court is not interested in records that are not specific to the case. For example, the Court will not consider records stating the average time needed to do an initial client interview, to type the forms, to go the meeting of creditors, etc., upon which a standard fee is based.

**4.** All Chapter 13 debtor's attorneys should send their applications for fees along with the motion to confirm. Suggested Form F to the Local Rules contains both the motion to confirm and the application for allowance of attorney fees and disclosure statement. The Court notes that many attorneys do not comply with that form as they fail to include the application for fees along with the motion to confirm that is sent to interested parties.