**In re Jeffrey Ward TAYLOR, 523–74–99222, Margaret Madeliene Taylor, 548–60–71–91, Debtors.**

**No. 89 B 00061 C.**

United States Bankruptcy Court, D. Colorado.

May 9, 1989.

---

Richard N. Gonzales, Denver, Colo., for Taylor.

## MEMORANDUM OPINION AND ORDER

PATRICIA A. CLARK, Bankruptcy Judge.

The matter before the Court is the amended application for fees of the debtors' attorney. It seems appropriate to treat this as a motion to reconsider the order on attorney's fees entered March 13, 1989. The debtors' attorney submitted an amended application for attorney's fees to establish that the time spent on this case justified the $1,200 fee charged pursuant to an agreement with the debtor.

The background of this matter is as follows. The Chapter 13 petition was filed on January 3, 1989. The debtors' amended plan was confirmed on March 13, 1989. Pursuant to the confirmed plan, the debtors are to pay $171 per month into the plan for 36 months. The confirmed plan contains a $2,200 payout to the Internal Revenue Service; it "crams down" and capitalizes the debts of two secured creditors, Beneficial Finance and Fred Schmid which are to receive $1,495 and $580 respectively; and it provides for a pro rata distribution of $300 to twelve unsecured creditors with claims totaling $21,612. There is a house involved, but payments on the mortgage are to be made outside of the plan. The trustee's fee is estimated at $557.58. The Court allowed $900 of the $1000 requested for attorney's fees to be paid through the plan. The debtors' attorneys had already received $200 prior to the filing of the petition, thus, the total approved compensation is $1100.

The amended verified application for attorney's fees contains a daily break down of the general task performed, whether the task was done by a paralegal or an attorney and the amount of time spent by the paralegal or the attorney. The following is a copy of the breakdown submitted:

| Date | Task | Person | Time |
|------|------|--------|------|
| 10/25/88 | Initial consultation with clients | Attorney | .5 |
| 11/17/88 | Preparation of office files | Paralegal | .5 |
| 12/28/88 | Preparation of bankruptcy petition | Paralegal | 2.5 |
| 12/30/88 | Review of bankruptcy petition | Attorney | .5 |
| 12/30/88 | Office conference with client to review and sign petition | Paralegal | .8 |

| Date | Task | Person | Time |
|------|------|--------|------|
| 01/03/89 | Copy petition for filing with the Court/ file with Bankruptcy Court/ letter to client on filing | Paralegal | 2.0 |
| 01/06/89 | Send notice to client of 341 meeting | Paralegal | .2 |
| 01/31/89 | Attend 341 meeting with client | Attorney | 1.0 |
| 01/31/89 | Amendment of Chapter 13 plan/ prepare motion to confirm for filing & mailing/ prepare letters to creditors who continue to bother debtors | Paralegal | 4.5 |
| 01/31/89 | Review motion to confirm and letters to creditors | Attorney | .5 |
| 02/01/89 | Send letter to client regarding auto insurance in respond(sic) to letter by creditor | Paralegal | .3 |
| 02/06/89 | Telephone call with client re: insurance on automobile | Paralegal | .3 |
| 02/06/89 | Prepare letter to creditor in response to their letter | Paralegal | .3 |
| 03/15/89 | Copy creditor proof of claim for client and prepare for mailing to client | Paralegal | .2 |
| 03/18/89 | Letter to client re: confirmation | Attorney | .3 |

Total hours

Attorney 2.8
Paralegal 11.6

In addition, counsel stated that they will continue to represent the debtors as the case proceeds. They stated that the representation includes, but is not limited to the following: receiving and forwarding correspondence from the Court and the Trustee; responding to the summary of claims documents from the Trustee; receiving and responding to informational calls from various creditors; and possibly responding to or attending any dismissal hearings that may arise in the matter.

■ The itemized daily entries list each activity, its date, the person who performed the work, and for the most part an adequate description of the nature and substance of the work performed and the time spent. Particular entries such as phone calls listed the purpose and length of the conversation and the person called. With the exception of letters to certain creditors, the time spent drafting documents specified the document involved and the matter to which it pertained. The supplement should have specified, by name or category, the creditors to whom letters were sent and the substance of the correspondence. However, the information is adequate for a Chapter 13 fee application supplement and for the most part the information is consistent with guidelines and precedent on proper fee applications. *See In re Wildman,* 72 B.R. 700, 708–709 (Bankr.N.D.Ill.1987) and cases cited therein.

■ The Court has a statutory responsibility to review fees pursuant to 11 U.S.C. § 329 and Local Rule 27. The Court is required to determine the reasonable value of the services that the attorney has agreed to provide.[1] The Court may cancel any agreement or order the return of any such payment to the extent that the requested compensation exceeds the reasonable value of such services. *E.g., In re Richardson,* 89 B.R. 716 (Bankr.N.D.Ill. 1988); *In re Dalton,* 95 B.R. 857 (Bankr.M.D.Ga.1989). In addition, as debtors' attorneys know, upon further application the Court may allow additional compensation when the problems of an individual debtor

1. 11 U.S.C. § 330 provides guidance to determine what is encompassed in "reasonable compensation", the relevant portion of that section states:

(1) reasonable compensation for actual, necessary services ... based on the time, the nature, the extent, and the value of such services and the cost of comparable services other than in a case under this title; and ...

require services with greater frequency and duration than usual.

The review of Chapter 13 attorney's fees involves the consideration of many factors. Those factors are set forth in the decision in *In re Paul*, 100 B.R. 38 (Bankr.D.Colo. 1989).

In the *Paul* opinion, this Court noted the logical connection that the amount of time spent on a case has to many of the factors which the Court must consider when awarding fees. The Court further noted that it must engage in guesswork to determine an appropriate fee award in the absence of detailed time records. Upon review of this case and the supplemental fee affidavit, the importance of such information is evident.

■ Here, with the exception of paralegal time on January 3, 1989 and January 31, 1989, the amount of time spent on various tasks appears to be reasonable in light of the relatively routine nature of this case. Attorneys and paralegals are to perform work that is at their appropriate level of skill. *E.g., In re Wildman*, 72 B.R. at 710, and cases cited therein. Truly ministerial services such as xeroxing and filing documents with the Court should not be compensated at the same rate as those services which are legal. Even if an attorney or paralegal performs the ministerial services, it does not increase the value of that service.

The Court finds that the paralegal time spent on January 3, 1989 and January 31, 1989, is excessive and involves a considerable amount of time spent on ministerial services. The two hours spent on January 3, 1989, to copy the petition for filing with the Court, to file the petition and to send a letter to the client concerning the filing are excessive and ministerial. The Court finds the same problems with part of the time spent on January 31, 1989, to amend the Chapter 13 plan, to prepare the motion to confirm for filing and mailing, and to prepare letters to creditors who continue to bother the debtors.

■ If the total time spent on this case were the only basis of the fee award, the award would be much less than the $1100 allowed. Thus far, the total time spent in this case is 11.6 hours of paralegal service and 2.8 hours of attorney service. The Court notes that in Denver, the average rate at which paralegal time is billed to a client is between $35 to $45 per hour; the average hourly rate charged for practitioners with the level of experience of this attorney is approximately $100 to $125. At a rate of $40 per hour, the bill for 11.6 hours of paralegal time is $464. However, that amount would have to be reduced for the ministerial services and excessive time billed on January 3 and January 31, 1989. At a rate of $125 per hour, the bill for 2.8 hours of attorney time is $350. Thus, if the Court were to use only the appropriate hours spent billed at the average rates, the award would have been approximately $700.

The Court awarded $1100 to counsel for the reasonable value of the services provided and those agreed to be provided in the future. The case was not complex, there were no apparent serious creditor conflicts or prolonged negotiations with creditors, and no court hearings. Considering the amount of professional time required, the results obtained and the other requisite factors, the Court must reconsider and reduce the original award. This should not be construed as implying that counsel did not provide a professional product in an efficient manner. The contrary is the case. Although the Court has a duty to fairly compensate counsel it also has a responsibility not to overly compensate attorneys to the detriment of the debtor and the creditors. The Court also realizes the risk involved when an attorney is to receive payments through a Chapter 13 plan.[2]

---

2. The statistics on dismissals of the cases and conversions to Chapter 7 are alarming. For example at the end of 1988, 55% of the Chapter 13 cases filed in 1986 had been dismissed or converted and 47% of the Chapter 13 cases filed in 1987 had been dismissed or converted. Since the Chapter 13 Trustee does not immediately move for dismissal upon default, the dismissal rate on cases filed in 1986 and 1987 will increase with the passage of time. Further statistics indicate that only 30% to 35% of the debtors complete their plans and receive a discharge.

Counsel requests a fee award of the $1200 amount stated in the original application. The Court has reviewed the file and supplemental application and upon reconsideration finds that based upon the time, nature, and extent of the services which the attorney agreed to provide, a fee of $1200 is not warranted.

Further, in light of the supplemental documentation, the Court finds that the $1100 awarded is excessive based upon the value of the services provided and to be provided in this case. Therefore, based upon the Court's own experience, the guidelines for the review of fees and the review of the supplemental fee affidavit, the Court finds that an award of $970 is the proper award for fees in this case. If problems are encountered in this case in the future requiring legal services beyond those contemplated at this time, it is the attorney's right to petition for additional fees.

ORDERED that for the foregoing reasons the attorney's fee award of $1100 is reduced to $970, $770 of which is to be paid through the debtors' Chapter 13 plan payments.

(These figures were supplied to the Court by the office of the Chapter 13 Trustee.)

Faced with similar statistics in Illinois, the court in *In re Lanigan and Nailing*, 101 B.R. 530 (Bankr. N.D.Ill. 1986), stated that: "It is clear that many Plans are presented as a gamble as to whether they will succeed. Debtors gamble their investments in the fees they pay to the Trustee and their attorneys. Creditors gamble that they will receive their promised payments over the life of the plan. All individuals gamble that the shoe-string budgets presented will be met each month. The vast parade of motions each week to modify stays and dismiss cases, as well as the foregoing Trustee statistics, show that all too often those gambles are lost by all concerned."

The court went on to adopt a method for attorneys who present thinly funded plans to "share in the risk of possible failure thereof and thereby be encouraged to scrutinize all plans even more closely." To ensure that the attorneys shared in the risk, the court ruled that the attorney would be paid over the life of the plan where the plan payments are small and payment of attorney's fees out front would delay payments to creditors for many months. This Court finds that approach very interesting, but it is unnecessary to adopt it in this case.