In re Cary David ZWERN, SSN 523–92–5209, fdba Chicago Style Pizza, fdba Windy City Pizza, Debtor.

In re Apryl Sue HALLBERG, SSN 519–74–7949, aka Apryl Sue Jones and April Sue Spallinger, Debtor.

Bankruptcy Nos. 94–10063 MSK, 94–10431 MSK.

MC Nos. SEB–4, SEB–1.

United States Bankruptcy Court, D. Colorado.

April 10, 1995.

---

James W. Lamberson, Denver, CO, for applicant.

**82**

### ORDER ON APPLICATIONS FOR COMPENSATION BY DEBTOR'S ATTORNEY

MARCIA S. KRIEGER, Bankruptcy Judge.

THESE MATTERS come before the Court under Fed.R.Bankr.P. 2002(a)(7) for consideration of two unopposed Chapter 13 Fee Applications (Applications) filed by Stephen E. Berken of Berken and Associates, P.C. (Applicant) requesting allowance of fees and expenses associated with Applicant's services rendered as counsel for the above-named Chapter 13 Debtors. These Chapter 13 cases are unrelated, however, upon Applicant's request and due to the similarities in the Applications, they have been consolidated for this Order.

### I. JURISDICTION

This Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### II. PROCEDURAL HISTORY

The Debtors, Cary Zwern (Zwern) and Apryl Hallberg (Hallberg) each filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Zwern and Hallberg each hired Applicant to represent them in their Chapter 13 bankruptcy cases. The Chapter 13 plans were confirmed. Subsequently, Applicant filed an Application in each case. Applicant properly provided notice of the Applications pursuant to Fed.R.Bankr.P. 2002 and L.B.R. 202. No objections were filed.

After undertaking an independent review of the Applications, I issued an Order Regarding Fee/Expense Application and Potential Disallowance of Requested Fees or Expenses (Potential Disallowance Order) in both cases. The Potential Disallowance Orders are identical, stating that the Applications are insufficiently detailed or complete to enable the Court to determine the nature, necessity and benefit of the services rendered. The Orders gave Applicant the opportunity to supplement the Applications in writing or by request for a hearing. The Orders advised Applicant that absent supplementation or request for a hearing, the requested expenses and a fee of $1,000.00 would be allowed in each case. Applicant responded by requesting a consolidated hearing.

At hearing, the Applications were supplemented with Mr. Berken's testimony regarding his education and experience and what he believed to be exceptional facts and circumstances particular to each Chapter 13 case. Mr. Cameron, an attorney, opined as to Mr. Berken's expertise and the reasonableness of Applicant's requested fees. Other attorneys testified regarding the prevailing rates for attorneys of Mr. Berken's skill and experience. Zwern testified that Mr. Berken and his staff performed the tasks described in the Zwern Application. Zwern opined that the fee requested was understated.

Applicant argued that the determination of fees to be allowed is simply made by multiplying the hours spent by a reasonable hourly rate. Applicant further argued that the $1,000.00 fee allowed in the Potential Disallowance Orders (in the absence of supplementation), is a *sub rosa* limited fee of $1,000.00 applied in all Chapter 13 cases, that this limited "flat fee" reflects hostility by the Judges in this District toward Chapter 13 practitioners, that Chapter 13 practitioners received greater fees upon lesser applications prior to the adoption of L.B.R. 216, and that imposition of a flat fee has driven competent Chapter 13 practitioners out of business. Although I was prepared to rule on the Applications at the close of argument, I am writing this opinion in deference to Applicant's request and with the hope that it will shed light on issues of great importance to the Chapter 13 bar.

### III. FACTUAL FINDINGS

1. Chapter 13 plans were confirmed in both cases. The confirmed plans provide for a maximum compensation for attorney fees and expenses of $1,650.00.

2. Applicant charges for professional time on an hourly rate basis: $150.00 for Mr. Berken's time, $125.00 for associate attorney time and $40.00 for paralegal time. In the Hallberg case, Applicant reports 10.8 hours

of attorney time and 6.5 hours of paralegal time for a fee of $1,792.50. The Application requests allowance of $1,792.50, but the proposed order provides for an allowed fee of $1,500.00 and allowed expenses of $150.00. In the Zwern case, Applicant reports 10.9 hours of attorney time and 5.1 hours of paralegal time for a total fee of $1,814.00. The Application requests allowance of $1,814.00 in fees and $101.65 in expenses, but the proposed order provides for allowance of $1,500.00 in fees and $101.65 in expenses. At hearing, Applicant stated that he was voluntarily reducing his request for allowance of fees in each case to $1,500.00 to comport with the terms of the plans.

3. The Applications are made by use of L.B.F. 216.2, but the required time and task summary fails to identify the relationship of the service to the estate and value thereof in compliance with L.B.R. 216(c). The Applications fail to designate any aspects of either case that are unusual, troublesome or unique. Instead the Application refers to, "see itemizations in Fee Application".

4. The referenced itemizations are supplementary time sheets required by L.B.R. 216(c). The time sheets attached to the Application reflect a chronological listing of the date for each service, a brief, perfunctory description of the task performed, the identity of the person performing the task and the time spent in tenths of an hour but are deficient because they contain no information regarding "the relationship of the service to the estate and the value thereof" as required by L.B.R. 216(c). The task descriptions in both cases are almost identical. From the time records, these cases appear to be uncomplicated Chapter 13 cases. There is no indication on the time sheets of any service pertaining to an "unusual, troublesome or unique" aspect of either case.

5. At hearing Mr. Berken testified that the unusual aspect in the Zwern case was in dealing with a creditor represented by aggressive counsel who was unfamiliar with bankruptcy law. This resulted in a "highly emotional" contested confirmation hearing. Although dealings with creditor's attorney proved trying, the controversy itself presented no difficult factual or novel issues of law or fact. The time associated with this problem is not identified or quantified in the Application. In the evidence presented, Applicant quantified this aspect at 2.1 hours of attorney time.

6. At hearing Mr. Berken testified that there were two aspects of the Hallberg case that were unusual and difficult. First, Applicant represented the Debtor at a probation revocation hearing in Denver District Court. Mr. Berken testified that without such representation the Debtor's probation would have been revoked and she would have been incarcerated. No evidence was presented as to the type or length of incarceration which would have resulted if the probation had been revoked or what effect, if any, it would have on the Debtor's ability to perform under the plan. No evidence was presented as to reasonable compensation for representation at the probation hearing. Applicant reports 3.6 hours of service in this capacity for a charge of $540.00. The second area of difficulty identified by Mr. Berken was the necessity of creating a subclass for treatment of a co-signed obligation. Neither the Application nor evidence presented quantified the time spent on this issue.

## IV. APPLICABLE LAW

### A. Standard for Allowance of Fees

Section 330 of the Bankruptcy Code governs the allowance of postpetition professional fees to counsel for debtors in Chapter 13 cases, as well as professionals employed by debtors-in-possession or trustees in Chapter 7 and Chapter 11 cases. It states:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award ... to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such ... [attorney] based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title.

Allowance of professional fees pursuant to § 330 is a two step process. The

threshold question is whether the rendered services were beneficial to the estate. *In re Lederman Enterprises, Inc.*, 997 F.2d 1321, 1323 (10th Cir.1993). The requirement of finding a benefit to the estate is not found in the wording of § 330, but instead grows out of judicial interpretation of what constitutes "necessary" services within the meaning of § 330. *Id.; In re Stromberg*, 161 B.R. 510, 514 (Bankr.D.Colo.1993). If the services are not necessary or beneficial, they may not be compensated regardless of the reasonableness of the amount sought. *Stromberg*, 161 B.R. at 514. Only if the services are shown to be necessary and beneficial, will reasonableness of compensation be determined. *Lederman*, 997 F.2d at 1323.

■ The majority of courts applying § 330 in Chapter 11 or Chapter 7 cases hold that whether services are "necessary" depends upon whether the services benefitted the bankruptcy estate as opposed to the debtor. *In re Lederman*, 997 F.2d 1321, 1323 (10th Cir.1993); *In re Reed*, 890 F.2d 104, 105 (8th Cir.1989); *Franks' Law Corp. v. St. Vrain Station Co. (In re St. Vrain Station Co.)*, 151 B.R. 549, 552 (D.Colo.1993); *In re Ewing*, 167 B.R. 233, 235 (Bankr.D.N.M.1994). Because postpetition earnings are not property of the estate in Chapter 7 or 11 cases but are property of a Chapter 13 estate, "necessary services" may be more broadly defined in Chapter 13 cases. *In re Stromberg*, 161 B.R. 510, 515–16 (Bankr.D.Colo.1993), Chief Judge Matheson of this District concludes that in Chapter 13 cases "necessary services" include services "necessary" to enable the debtor to perform the debtor's duties under the Bankruptcy Code and to enable the debtor to enjoy the benefits available in Chapter 13.[1] I agree.

■ The second step in the allowance process is determination of a reasonable rate of compensation for services which are necessary and beneficial. Determining the reasonable amount of compensation requires an evidentiary inquiry into facts pertinent to the guidelines set forth in the case of *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir.1974). *In re Permian Anchor Services, Inc.*, 649 F.2d 763, 768 (10th Cir.1981). The *Johnson* guidelines as adopted in *Permian Anchor* are:

(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill requisite to perform the legal service properly;
(4) the preclusion of other employment by the attorney due to acceptance of the case;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the undesirability of the case;
(11) the nature and length of the professional relationship with the client; and,
(12) awards in similar cases.

■ In addition, attorneys submitting fee applications to this Court must demonstrate billing judgment. *In re Stromberg*, 161 B.R. 510, 516 (Bankr.D.Colo.1993). The combination of the *Permian Anchor* factors tempered by sound billing judgment should result in application of a reasonable hourly rate to the reasonable number of hours which should have been required to achieve the necessary results.[2] *Blanchard v. Bergeron*,

1. The 1994 amendments to the Bankruptcy Code adopt the Lodestar approach to allowance of fees and give a court discretion to allow reasonable compensation to debtor's counsel in Chapter 13 cases "for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor". This reference to Chapter 13 cases comports with Judge Matheson's conclusion in *In re Stromberg*, 161 B.R. 510, 515–16 (Bankr.D.Colo.1993). But these amendments apply only to cases filed after October 22, 1994. The cases at bar were filed prior

to October 22, 1994 and therefore the older version of § 330 is applicable.

2. The hourly rate charged correlates, in part, with the skill and experience of the service provider. A highly experienced professional presumably (1) takes less time to perform complex tasks than those with less experience and less developed skills and (2) delegates the less complex and more routine tasks to others who are compensated at a lower rate. Where the service provider is over-qualified, it is the task, not the person, which determines the appropriate fee

489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989); *Mares v. Credit Bureau of Raton,* 801 F.2d 1197 (10th Cir.1986); *Stromberg,* 161 B.R. at 518.

## B. Burden of Proof

■ It is the obligation of an applicant seeking allowance of fees to demonstrate entitlement to such fees. *Continental Illinois National Bank & Trust Company of Chicago v. Charles N. Wooten Ltd. (Matter of Evangeline Refining Co.),* 890 F.2d 1312 (5th Cir.1989); *Stromberg,* 161 B.R. at 518. "It is counsel's burden to prove and establish the reasonableness of each dollar, each hour, above zero." *Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1210 (10th Cir.1986). To meet this burden, an applicant is obligated to supply meaningful and complete information which establishes that the services were necessary and beneficial and that the fee charged is reasonable. *In re Casull,* 139 B.R. 525, 527 (Bankr.D.Colo.1992); *In re Paul,* 100 B.R. 38, 41 (Bankr.D.Colo.1989); Fed.R.Bankr.P. 2016(a). Where an applicant fails to supply sufficient information to establish that the services were necessary and beneficial, the fees must be disallowed. *In re Lederman,* 997 F.2d 1321 (10th Cir.1993); *In re Gillett Holdings, Inc.,* 137 B.R. 475, 480 (Bankr.D.Colo.1992), *quoting In re Wire Cloth Products, Inc.,* 130 B.R. 798, 806 (Bankr.N.D.Ill.1991). Applicants must be given notice of deficiencies in applications and opportunity to supplement them prior to disallowance in order to guarantee due process. *In re Busy Beaver Building Centers, Inc.,* 19 F.3d 833, 845 (3rd Cir.1994).

## C. Local Practice

Recognizing that in Chapter 13 cases the total fee requested may be relatively small and that the burden of preparing a fee application as complex and complete as those submitted in Chapter 7 or Chapter 11 cases would be burdensome and uneconomical, the Judges sitting in this District adopted L.B.R. 216 and General Order No. 1993–2. L.B.R. 216 and General Order No. 1993–2 authorize allowance of fees in Chapter 13 cases based upon an abbreviated fee application. A standard abbreviated application was adopted as L.B.F. 216.2 (Form Application).

L.B.R. 216(c) authorizes the filing of the Form Application with an attached time and task summary.[3] Rule 216(c) specifically requires that the time and task summary contain specific information including "the relationship of the service to the estate and the value thereof". The Form Application also provides an opportunity to explain the relationship and value of the services to the estate in paragraph 3 which invites Applicant to designate any unusual, unique or troublesome aspects of the case which result in more than the usual amount of time being expended. For applications seeking allowance of fees of $1,000.00 or less, General Order No. 1993–2 excuses the attachment of the time and task summary.[4]

---

charged for a given service. This may pose a problem for solo practitioners or practitioners in small firms who perform a variety of legal work, not all of which is commensurate with their skill and experience. In such event, the professional may have to employ different rates for different services as part of his/her billing judgment. This Court agrees with the analysis of Judge Matheson in *In re Casull,* 139 B.R. 525, 528 (Bankr.D.Colo. 1992), that many aspects of an uncomplicated Chapter 13 case do not require full utilization of the skill and experience of bankruptcy practitioners appearing before this Court.

3. L.B.R. 216(c). *Form of Fee Application or Disclosure in Chapter 13:* Attorneys for debtors in Chapter 13 cases shall submit a narrative fee application, or disclosure of fees paid, in substantial conformity with L.B.F. 216.2, *Application.* In addition, unless otherwise ordered by the court, a time summary exhibit shall be attached to the narrative constructed from time records contemporaneously kept by the applicant. The exhibit shall state the dates, the number of hours spent in tenths of an hour on particular tasks, a short concise statement of the task, the identity of the individual performing the work, the relationship of the service to the estate, and the value thereof. The attorney shall submit with the fee application or disclosure an order in substantial conformity with L.B.R. 216.3, *Order.* The court, or individual divisions of the court, may from time to time, by standing order, establish a fee for Chapter 13 cases which will be allowed without the necessity of filing the time summary exhibit to the fee application.

4. At hearing, Applicant suggested that I am not bound by General Order No. 1993–2 because I did not sign the Order. Such a suggestion is patently ridiculous. I did not sign the Order because I was not on the bench when it was

Contrary to the assertions of Applicant, the Judges in this District have not adopted a standard or fixed amount of fees to be allowed to debtors' counsel in uncomplicated, routine Chapter 13 cases. Some Judges review each case individually; others informally use a "rule of thumb" of $1,200.00. Judge Matheson has held that a fee of $1,000.00 is appropriate for the average Chapter 13 case without any unusual, troublesome or unique issues. *In re Moore*, Ch. 13 Case No. 93–15939, CEM (April 18, 1994). Understandably, this leaves Chapter 13 practitioners in a state of uncertainty both in negotiating fees with clients and in preparing and submitting fee applications.[5]

■■■■ As I read them, L.B.R. 216 and General Order No. 1993–2 do not change the obligation of debtor's counsel in a Chapter 13 case to satisfy the requirements of § 330.[6] Counsel may submit the Form Application (L.B.F. 216.2) without supplementation for a fee award of $1,000.00 or submit the Form Application with a time and task summary which includes the date of the task, time spent, description of the task, identity of person performing the task, the relationship of the service to the estate and the value thereof. If the Form Application is appropriately supplemented there is no presumptive limit on the fee to be allowed. But if the Form Application and time and task summary are not in compliance with L.B.R. 216(c), an applicant may fail in his/her burden of proof under § 330. In that event, the fee may be allowed only as to the portion properly justified. If the time and task summary is substantially deficient under L.B.R. 216(c) and therefore the court is prevented from applying the analysis required by § 330, the Application should be treated as if no time and task summary was supplied at

all; counsel is then entitled to $1,000.00 pursuant to General Order No. 1993–2.

The Potential Disallowance Orders give an applicant notice that there are deficiencies in his or her application which, if not further supplemented or corrected, will result in disallowance of a portion of the fees requested. Consistent with the above analysis, these orders may provide that in the event the applicant fails to correct the deficiency, a fee of $1,000 will be allowed just as if the naked Form Application was filed.

## V. ANALYSIS

Applicant is certainly entitled to raise concerns about perceived hostility between the bench and the bar and about the economics and difficulties of the fee allowance process for a Chapter 13 practitioner. Similar concerns have been raised by other practitioners here and in other Districts. There is an inherent tension between the bench and the bar associated with fee applications. However, I agree with Judge Jack Schmetterer's observations in response to similar arguments:

Counsel is certainly entitled to raise the foregoing considerations. However, his view that the Bankruptcy Judges of this District are hostile to Chapter 13 counsel is utterly misguided. Among our most thankless tasks is the duty to pass on fee applications with *sua sponte* analysis even in the absence of any objections by interested parties. Fulfillment of that duty sometimes sets up an unhappy tension between bench and bar, as evident here. What the Judges view as fulfillment of their duty may be viewed by a few counsel, and certainly is viewed by this counsel, as

issued. That does not exempt me from the Order's dictate any more than it exempts Applicant.

5. Effective April 4, 1995, L.B.R. 216 was amended and eliminated the effect of General Order 1993–2. It now provides that counsel for debtors in Chapter 13 cases submit an abbreviated application (L.B.F. 216.2). Each Judge may then determine whether supplementation by a time and task summary is required. The form of supplementation would be the same as in a Chapter 7 or Chapter 11 case in compliance with L.B.R. 216(a) and 11 U.S.C. § 330.

6. Indeed, there may be some doubt as to whether a bankruptcy court may award fees of more than $500 on an abbreviated application in Chapter 13 cases, at all. Although many districts have adopted rules to lessen the burden of the fee application process of Chapter 13 practitioners, there is no distinction between cases under Chapter 7, 11 and 13 made in the fee application process as created by § 330 and implemented by Fed.R.Bankr.P. *2002, 2016* and *9034.*

judicial malice. However most professionals in Bankruptcy practice accept this aspect of judicial work as a necessary and proper task. Accepted or not, that's part of our job.

*In re Richardson,* 89 B.R. 716, 718 (Bankr. N.D.Ill.1988).

Regrettably, this tension is exacerbated by Congress' mixed message in the Bankruptcy Code. Congress encourages Chapter 13 filings but fails to relieve Chapter 13 practitioners of the administrative burden associated with fee allowance under § 330. However, in the absence of further amendments in the Bankruptcy Code, both counsel and this Court are left with their respective obligations.

█ The Applications do not contain the information required by L.B.R. 216(c) and fail to establish that the services listed on the summary were necessary and beneficial. The Potential Disallowance Order in these cases stated that "the information submitted is not sufficiently detailed or complete to enable the Court to determine the nature, necessity and benefit of the services rendered". The nature of the deficiency was further identified as follows: "This appears to be a Chapter 13 case without unusual, troublesome or unique issues or problems [and] the time billed appears to be excessive".

Applicant argues that whether a case has "unusual, troublesome or unique" aspects is not a standard imposed under § 330. I agree. However, this language only highlights the underlying deficiency in the Applications. Neither the Form Applications nor the time and task summary contain sufficient information to determine the necessity and benefit of the services listed to the estate or the Debtor.

Such information could have been provided in the Form Application or in the attached time and task summary. Paragraph 3 of the Form Application provides Applicant with the opportunity to justify the necessity and benefit of any particular services which are due to "unusual, troublesome or unique" aspects of the case. These words are not words of limitation but an invitation for explanation to meet § 330 standards. Where nothing is identified as unusual, unique or troublesome, many time entries appear to have no benefit or value to the estate. If the time and task summary is also deficient because no information about the relationship and value of the services to the estate is provided, necessity and benefit are not proved. That is the problem here.

At hearing in this matter Applicant focused upon the reasonableness of the fee charged which is the second prong of the fee allowance test under § 330 and which is not relevant to the preliminary inquiry for allowance of fees [7]. There was little evidence presented at hearing which corrected or supplemented the Applications in the area of concern—were the services rendered necessary and beneficial to the estate?

***Zwern:***

No supplementary evidence as to the time and task entries was presented, except that Applicant experienced difficulty with counsel for a creditor which resulted in a contested confirmation hearing. The only quantification of the time expended was Mr. Berken's testimony that 2.1 hours was spent in preparation for hearing.

I find that resolution of issues with antagonistic or unknowledgeable counsel is beneficial and necessary to the estate and the 2.1 hours of attorney time spent in this regard is reasonable.

However, the remainder of the time and task summary is substantially deficient because the descriptions of service, benefit and value to the estate are inadequate. In the absence of sufficient information to make findings as to the necessity and benefit as to the remaining services, the Application must be treated as one made without supplementation. Therefore, fees for the general services will be allowed in the amount of $1,000.00, with an addition for the identified unusual aspect of $315.00 (2.1 hours at $150.00 per hour) for a total fee of $1,315.00.

7. The reasonableness of Applicant's hourly rate was not identified as a deficiency in the Potential Disallowance Order and therefore is not an issue considered herein.

*Hallberg:*

Applicant did not submit evidence to remedy the deficiencies in the time and task summary. However, Applicant submitted evidence of two unusual aspects of the case. First, Applicant contends that 3.6 hours of attorney time was expended in opposition to the Debtor's probation revocation. The time is summarized below:

| | | |
|---|---|---|
| 01/17/94 | Telephone Conference with D.A.'s office, Mr. Ritter, D. Balkin, Ms. Benedetto, re: probation revocation, restitution payments in plan | .6 hrs at $150/hr |
| 01/18/94 | Telephone conference with D. Balkin re: vacate hearing | .5 hrs at $150/hr |
| 01/21/94 | Appear at Denver District Court revocation hearing, successfully argue auto stay in place, restitution paid in plan, hearing stipulated out | 2.5 hrs at $150/hr |
| | Total | 3.6 hrs ($540) |

Avoidance of probation revocation theoretically could be necessary and beneficial in a Chapter 13 case, if revocation of the Debtor's probation would preclude the Debtor's performance under the plan. Here, however, there was no evidence of the consequence of the revocation of probation. I cannot speculate whether the Debtor would have been incarcerated, for how long or upon what terms (work release or full-time incarceration). Thus, the evidence presented is insufficient to correlate Applicant's services with a demonstrable benefit to the estate.

Second, Applicant contends that an extra sub-class was created for treatment of obligations for which there were co-debtors. There is no identification of services related to this issue in the time and task summary. Moreover, treatment of obligations where there are co-debtors is common and does not, absent specific facts, constitute an unusual or novel aspect of a Chapter 13 case.

In the absence of correction of the deficiencies in the original Application and Applicant's failure to establish benefit to the estate for the two types of service described above, the Application is treated as if it was submitted without a time and task summary. The allowed fee is $1,000.00.

For the foregoing reasons, it is therefore **ORDERED** that:

1. In *In re Cary David Zwern,* Case No. 94–10063 MSK, Stephen E. Berken & Associates, counsel for the Debtor, is allowed a fee for services of $1,315.00 and expenses of $101.65, all of which is payable out of the plan.

2. In *In re Apryl Sue Hallberg,* Case No. 94–10431 MSK, Stephen E. Berken & Associates, counsel for the Debtor, is allowed a fee for services of $1,000.00 and expenses of $185.45, all of which is payable out of the plan.