BRORBY, Circuit Judge.
 

 Appellant Rubner & Kutner, P.C. (R & K), appeals the district court’s affirmation of the bankruptcy court’s order granting only a portion of R & K’s requested fees. Because the bankruptcy court did not abuse its discretion in denying compensation for services which were not necessary or beneficial to the estate, we affirm.
 
 [1]
 

 In August 1987, Lederman Enterprises, Inc. (debtor) filed its initial bankruptcy petition under the reorganization provisions of 11 U.S.C. §§ 1101-46. The debtor was represented by R & K. A plan was confirmed in October 1988, which required the debtor to make payments to Bankers Trust Company. The payments were secured by a deed of trust on the debtor’s primary asset, a hotel and convention center.
 

 On August 12, 1990, the debtor defaulted on its payments, entitling Bankers Trust to immediate possession of the property. The following day, after consulting with R & K, the debtor filed a second Chapter 11 bankruptcy. R & K again represented the debt- or. Bankers Trust immediately filed a motion to dismiss or convert the proceeding to a Chapter 7 liquidation. The United States trustee then filed its own motion to dismiss or convert. Because the issues involved in the motions to dismiss or convert were essentially the same as those to be considered at confirmation, the bankruptcy court established an expedited schedule for plan confirmation. On March 13-14, 1991, a hearing was held on the confirmation, dismissal, and conversion matters. The court denied confirmation of the debtor’s plan, finding that both the plan and the case itself had been filed in bad faith. The case was converted to a Chapter 7 liquidation proceeding.
 

 While the Chapter 11 ease was pending, and then after the case was converted, R & K submitted applications for compensation. Its final application sought $60,745.00 in fees and $3,638.25 in expenses. Following a hearing, the bankruptcy court allowed an award of $17,433.60 in fees and $2,087.45 in expenses. The court first reduced R & K’s fees by twenty percent because its application was insufficiently supported. Incorporating its prior finding that the Chapter 11 proceeding was filed in bad faith and without justification, the court disallowed all time related to the disclosure and plan confirmation process. Because these legal services provided no demonstrable benefit to the bankruptcy estate, the court found them unnecessary. The court also disallowed fees incurred in a private lawsuit against Victor Lederman’s former wife. R & K’s remaining fees were allowed, subject to the across-the-board twenty percent reduction.
 

 On appeal, the district court reversed the bankruptcy court’s twenty-percent reduction, holding that R & K’s billing information was adequate. It affirmed the bankruptcy court’s denial of compensation for services in connection with the Chapter 11 reorganiza
 
 *1323
 
 tion, holding that “whether the attorney’s services benefited the estate is a threshold concern.” Appellant’s App., p. 34. The ease was remanded to the bankruptcy court for a recalculation of R & K’s fees. 143 B.R. 772. This appeal followed.
 

 As an initial matter, we must consider whether we have jurisdiction over this appeal. We have jurisdiction only when the district court decision appealed from is “final.” 28 U.S.C. § 158(d). “ ‘[A] decision of the district court on appeal from a bankruptcy judge’s final order is not itself final if the decision remands the case to the bankruptcy judge for significant further proceedings.’ ”
 
 Homa, Ltd. v. Stone (In re Commercial Contractors, Inc.),
 
 771 F.2d 1373, 1375 (10th Cir.1985) (quoting
 
 Suburban Bank v. Riggsby (In re Riggsby),
 
 745 F.2d 1153, 1156 (7th Cir.1984)). “Significant further proceedings” occur when the bankruptcy court undertakes more than mere “ministerial” computations involving little judicial discretion.
 
 State Bank v. Anderson (In re Bucyrus Grain Co.),
 
 905 F.2d 1362, 1366 (10th Cir.1990). Here, the case was remanded for recomputation of R & K’s fees without the twenty percent reduction. Because this is a mere ministerial computation involving little discretion, we may consider the appeal.
 

 R & K argues that the district and bankruptcy courts employed an incorrect legal standard to determine its eligibility for fees. It argues that the benefit to the bankruptcy estate is merely one factor to be considered when using the twelve-factor test adopted in
 
 First National Bank v. Niccum (In re Permian Anchor Services, Inc.),
 
 649 F.2d 763, 768 (10th Cir.1981), and that it should not be viewed as a “threshold concern.” We review the bankruptcy court’s conclusions of law
 
 de novo. Hall v. Vance,
 
 887 F.2d 1041, 1043 (10th Cir.1989).
 

 In
 
 Permian,
 
 this court adopted the lodestar analysis set forth in
 
 Johnson v. Georgia Highway Express, Inc.,
 
 488 F.2d 714 (5th Cir.1974). This analysis, however, determines only the “reasonableness” of counsel’s fees,
 
 Permian,
 
 649 F.2d at 768;
 
 Blanchard v. Bergeron,
 
 489 U.S. 87, 91, 109 S.Ct. 939, 943, 103 L.Ed.2d 67 (1989), not its entitlement. The Bankruptcy Code itself sets out the standard to be used in determining counsel’s eligibility for compensation. Section 330 of the Code gives the bankruptcy court discretion to award a reasonable fee for “actual, necessary services.” 11 U.S.C. § 330(a)(1). An element of whether the services were “necessary” is whether they benefited the bankruptcy estate.
 
 See, e.g., Canatella v. Towers (In re Alcala),
 
 918 F.2d 99, 103 (9th Cir.1990);
 
 In re Reed,
 
 890 F.2d 104, 105-06 (8th Cir.1989);
 
 Wootton v. Ravkind (In re Dixon),
 
 143 B.R. 671, 678 (Bankr.N.D.Tex.1992) (“The main inquiry under § 330 is whether the post-petition services were necessary and benefited the estate.”). Because the beneficial nature of legal services must be determined before a reasonableness inquiry may even be conducted, the district and bankruptcy courts did not err in identifying the appropriate legal standard.
 

 R & K next argues that the bankruptcy court erred in finding that the second Chapter 11 filing was made in bad faith and that no benefit to the estate was realized. Such factual findings will not be overturned unless they are clearly erroneous.
 
 Hall,
 
 887 F.2d at 1043. We are unable to assess the court’s findings, however, because appellant has not provided us with a transcript of the bankruptcy proceedings. “ ‘[I]t is counsel’s responsibility to see that the record excerpts are sufficient for consideration and determination of the issues on appeal and the court is under no obligation to remedy any failure of counsel to fulfil that responsibility.’ ”
 
 Deines v. Vermeer Mfg. Co.,
 
 969 F.2d 977, 979 (10th Cir.1992) (quoting General Order, 10th Cir. Oct. 25, 1990, p. 5). Without the record before us, we cannot review the bankruptcy court’s factual findings and must accept them as true.
 
 Trujillo v. Grand Junction Regional Ctr.,
 
 928 F.2d 973, 976 (10th Cir.1991).
 

 Finally, R & K argues that the bankruptcy court abused its discretion in denying compensation for the reorganization work, characterizing the court’s order as “punishment” for the debtor’s decision to file a second proceeding. R & K was not denied fees as a penalty, however, but because its services were unnecessary. As the bankruptcy court found, the debtor’s inability to success
 
 *1324
 
 fully develop and complete a plan should have been apparent to counsel from commencement of the case. Therefore, any work performed by R & K was not necessary, and the bankruptcy court did not abuse its discretion in refusing to compensate the law firm for such services.
 
 See, e.g., In re Office Prods. of Am., Inc.,
 
 136 B.R. 983, 990-91 (Bankr.W.D.Tex.1992) (if it is clear that debt- or and its counsel knew or should have known from the outset that plan could not satisfy requisites of 11 U.S.C. § 1129(a), counsel cannot expect to be compensated for “actual, necessary” services under § 330(a));
 
 In re Muir Training Technologies, Inc.,
 
 120 B.R. 164, 162-63 (Bankr.S.D.Cal.1990) (fees disallowed for time expended after it became clear there was no reasonable prospect of reorganization);
 
 Miner v. Westergren, Hauptman, O’Brien, Wolfe & Hadley, P.C. (In re King),
 
 96 B.R. 206, 208 (Bankr.W.D.Mo.1989) (fees disallowed because counsel knew or should have known that reorganization was never a viable possibility);
 
 New York Credit Men’s Adjustment Bureau, Inc. v. Ballon, Stoll & Itzler (In re Casco Fashions, Inc.),
 
 490 F.2d 1197, 1204 (2d Cir.1973) (fees will not be awarded “if a court finds that [the] proceeding was filed without any reasonable prospect of success”).
 

 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 

 [1]
 

 . After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.
 
 See
 
 Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.