16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Georg JENSEN, dba Law Offices of Georg Jensen, Appellant,
v.
UNITED STATES TRUSTEE, Appellee.
 No. 93-8046.
 United States Court of Appeals, Tenth Circuit.
 Feb. 2, 1994.
 
 1
 Before TACHA and BRORBY, Circuit Judges, and BROWN,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Attorney Georg Jensen appeals the district court's affirmation of the bankruptcy court's order granting only a portion of Jensen's requested fees. Because the bankruptcy court did not abuse its discretion in denying compensation for those services that did not benefit the estate, we affirm.
 
 
 4
 On December 20, 1990, debtor Mach, Inc., filed a Chapter 11 petition for bankruptcy. Several weeks later, Jensen's application to represent the debtor was approved. On January 24, 1991, the case was converted to a Chapter 7 bankruptcy proceeding. After the meeting of creditors, the bankruptcy court ordered the debtor to appear for an examination pursuant to Fed.R.Bankr.P.2004. The purpose of the examination was to inquire about transfers of property in violation of the Bankruptcy Code and the secured creditors' security interests. Jensen represented the debtor in this proceeding.
 
 
 5
 Thereafter, Jensen filed two applications for payment of costs and attorney's fees. The first application, requesting fees for services provided in the Chapter 11 proceeding, was granted in its entirety. The second application requested $4,344.29 for services provided after the case was converted. The United States Trustee objected to this application, and a hearing was held on the matter. In a supplemental itemization, Jensen divided the fees and costs into four categories:
 
 
 6
 1. $155.41--communication with creditors regarding the administration of the estate.
 
 
 7
 2. $319.78--review of pleadings, correspondence and communication with officers of the debtor regarding administration of the estate.
 
 
 8
 3. $1,568.04--communication with the trustee or to obtain information for response to the trustee.
 
 
 9
 4. $2,039.30--Rule 2004 examination.
 
 
 10
 Appellant's App., District Ct. Decision at 3.
 
 
 11
 Noting that services undertaken for the benefit of the debtor are not compensable by the estate, the bankruptcy court found that only those fees and costs stemming from item number three were compensable. That is, Jensen was only permitted $1,568.04 for his services of communicating with the trustee and obtaining information to respond to the trustee. The district court affirmed, concluding that the bankruptcy court did not abuse its discretion or employ an incorrect standard by limiting Jensen's fees to those incurred for the benefit of the estate. This appeal followed.
 
 
 12
 We review the bankruptcy court's conclusions of law de novo. Hall v. Vance, 887 F.2d 1041, 1043 (10th Cir.1989). The court's factual findings will be affirmed unless they are clearly erroneous. Id. Here, Jensen challenges both the bankruptcy court's legal conclusion that an attorney's services must benefit the estate and its factual conclusion that the disallowed services did not provide such a benefit.
 
 
 13
 This court recently decided Rubner & Kutner, P.C. v. United States Trustee (In re Lederman Enterprises, Inc.), 997 F.2d 1321 (10th Cir.1993), in which we considered whether 11 U.S.C. 330 requires that legal services benefit the bankruptcy estate before fees may be awarded. That statute authorizes a bankruptcy court to compensate a professional for "actual, necessary services" rendered to the estate. 11 U.S.C. 330(a)(1). We held that "[a]n element of whether the services were 'necessary' is whether they benefitted the bankruptcy estate." In re Lederman Enterprises, Inc., 997 F.2d at 1323 (quoting 11 U.S.C. 330(a)(1)). Because the beneficial nature of such legal services is a threshold concern, the district and bankruptcy courts did not err in identifying the appropriate legal standard.
 
 
 14
 Although Jensen argues that the bankruptcy court erred in finding that his services did not benefit the estate, we are unable to address this claim. Jensen has not provided us with a transcript of the Rule 2004 examination or the hearing on fees, and has not submitted any evidence from which we can assess the beneficial nature of the services rendered. Because counsel has not met his responsibility to see that the record is sufficient to determine the issues on appeal, we cannot review the bankruptcy court's factual findings and must accept them as true. Id.; Trujillo v. Grand Junction Regional Ctr., 928 F.2d 973, 976 (10th Cir.1991).
 
 
 15
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 Entered for the Court
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ---