39 F.3d 1191
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re: AMDURA CORPORATION; Amdura National Distribution
Company, formerly known as Fok; Coastamerica Corporation;
Coast To Coast Holdings, Inc.; Coast To Coast Stores, Inc.;
Intertrade Cargo, Inc., Debtors,
AMDURA NATIONAL DISTRIBUTION COMPANY, formerly known as Fok, Appellant,
v.
DELOITTE & TOUCHE, Appellee.
 No. 93-1502.
 United States Court of Appeals, Tenth Circuit.
 Nov. 2, 1994.
 
 1
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Appellant Amdura National Distribution Co. (ANDCO) appeals the district court's order affirming the bankruptcy court's award of professional accounting fees to appellee Deloitte & Touche. We have jurisdiction under 28 U.S.C. 158(d), and we affirm.
 
 
 4
 ANDCO was one of several wholly owned subsidiaries of Amdura Corporation (Amdura). On April 2, 1990, Amdura, ANDCO, and another of Amdura's subsidiaries, Coast to Coast Stores, Inc., filed Chapter 11 bankruptcy petitions. Deloitte & Touche was retained on behalf of all three debtors. After the bankruptcy estates were closed, the bankruptcy court held an extensive hearing on Deloitte & Touche's fee application, and ordered its professional fees to be paid in full in the ANDCO matter, over ANDCO's objection.
 
 
 5
 ANDCO claims Deloitte & Touche should have been denied some of the fees awarded on the following grounds: (1) Deloitte & Touche represented interests adverse to ANDCO; (2) the ANDCO estate did not benefit from various auditing services; (3) the bankruptcy court improperly considered Deloitte & Touche's "billing judgment" that was not disclosed in its fee applications; and (4) the fee applications did not demonstrate a basis for allocating charges among the three bankruptcy estates.
 
 
 6
 Generally, we review de novo the bankruptcy court's conclusions of law; its findings of fact will be affirmed unless they are clearly erroneous. Hall v. Vance, 887 F.2d 1041, 1043 (10th Cir.1989); see also Fed. R. Bankr.P. 8013 (bankruptcy court's findings of fact shall not be set aside unless clearly erroneous). Considerable deference is afforded the bankruptcy court's factual determinations and discretionary judgments in fashioning an award of professional fees. Casco N. Bank v. DN Assocs. (In re DN Assocs.), 3 F.3d 512, 515 (1st Cir.1993).
 
 
 7
 ANDCO claims Deloitte & Touche represented interests adverse to it in the following areas: evaluating intercompany accounts, filing intercompany claims, allocating liability on the PBGC claim, and evaluating the Liberty License. The bankruptcy court held that Deloitte & Touche did what it was hired to do: to summarize the intercompany accounts, but not to evaluate them. ANDCO maintains Deloitte & Touche was required to prosecute and defend claims among the bankruptcy estates. The bankruptcy court noted that the information generated by Deloitte & Touche was provided to all of the advocates involved, including the ANDCO creditor's committee, who were permitted to utilize the information as they chose. We decline ANDCO's invitation to adopt a new rule of law that would impose on an accounting firm a duty of advocacy commensurate with that of an attorney or trustee, irrespective of the services the firm was hired to provide.
 
 
 8
 Having disposed of ANDCO's novel argument of law, we turn to the bankruptcy court's findings that Deloitte & Touche did not represent an interest adverse to ANDCO. We will not disturb those findings unless they are clearly erroneous. See Campbell v. Childress (In re Professional Dev. Corp.), 140 B.R. 467, 473 (W.D. Tenn.1992)(bankruptcy court's finding that professional was not disinterested clearly erroneous); see also Intercontinental Enters., Inc. v. Keller (In re Blinder, Robinson & Co.), 131 B.R. 872, 880 (D. Colo.1991)(bankruptcy court's findings of disinterestedness under Securities Investor Protection Act clearly erroneous). We conclude the findings are amply supported by the record.
 
 
 9
 ANDCO next claims that it did not benefit from audits of its books that were integral to Amdura's listing with the Securities and Exchange Commission. ANDCO argues that the audits for the years following the decision to liquidate ANDCO could not have benefitted it; rather, those audits benefitted only Amdura because they permitted Amdura's stock to be publicly traded.
 
 
 10
 The bankruptcy court held that the bankruptcies were intertwined with and dependent on each other. Amdura's public trading status was necessary to obtain the cooperation of a major creditor of both Amdura and ANDCO to resolve both bankruptcy estates. Therefore, the bankruptcy court determined ANDCO benefitted from the audits.
 
 
 11
 We conclude the bankruptcy court applied the correct legal standards. See Rubner & Kutner v. United States Trustee (In re Lederman Enters., Inc.), 997 F.2d 1321, 1323 (10th Cir. 1993)(bankruptcy court required to determine threshold question whether services benefitted estate before conducting reasonableness analysis); see also 11 U.S.C. 330(a)(1)(bankruptcy court may award reasonable fee for reasonable and necessary services). Based on the record, we perceive no clear error in the bankruptcy court's factual finding that the ANDCO estate realized benefit from the auditing services. See Lederman, 997 F.2d at 1323 (bankruptcy court's finding of no benefit upheld unless clearly erroneous).
 
 
 12
 We next address ANDCO's claims that Deloitte & Touche's billing statements did not demonstrate a basis for allocating charges among the bankruptcy estates, and the bankruptcy court improperly considered evidence of Deloitte & Touche's "billing judgment." The challenged "billing judgment" involved Deloitte & Touche's decisions not to bill, or to bill less, for various services whose benefit to the client did not warrant charging the full rate.
 
 
 13
 On the issue of allocating fees, ANDCO points to testimony that a different allocation of fees among the bankruptcy estates would not have been unreasonable. That a contested issue could have been resolved another way does not demonstrate clear error in the bankruptcy court's ruling on the allocation issue. See Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985)("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). Therefore, we will not disturb the bankruptcy court's ruling.
 
 
 14
 Arguing that the bankruptcy court improperly considered testimony of Deloitte & Touche's "billing judgment," ANDCO contends that a bankruptcy court may consider nothing but the billing statement itself to determine a reasonable fee. That position is contrary to prevailing law, and must be rejected. See 11 U.S.C. 330(a)(fees may be awarded after notice and a hearing ); In re Cascade Oil Co., 126 B.R. 99, 106 (D. Kan.1991)("By restricting compensation to actual and necessary service, 330 imposes a mandatory duty on bankruptcy courts to exercise billing judgment in the award of fees."); see, e.g., First Nat'l Bank v. Niccum (In re Permian Anchor Servs., Inc.), 649 F.2d 763, 768 (10th Cir.1981)(cause remanded for hearing to determine reasonable attorney fees). Accordingly, we conclude the bankruptcy court did not err in considering matters outside the four corners of the fee application in deciding on a reasonable fee to award Deloitte & Touche.
 
 
 15
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470