62 F.3d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re: David L. ELLISON, doing business as Ellison Trucking,
and Wendy R. Ellison Debtors,
FIRST SECURITY LEASING COMPANY, a Utah corporation, Plaintiff-Appellee,
v.
David L. ELLISON, doing business as Ellison Trucking,
Defendant-Appellant.
 No. 94-4211.
 United States Court of Appeals, Tenth Circuit.
 Aug. 11, 1995.
 
 Before MOORE, SETH, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 EBEL, C.J.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff First Security Leasing Company brought this adversary proceeding against defendant David L. Ellison alleging two counts of fraud in connection with Ellison's leasing of four trailers from First Security. After a trial, the bankruptcy court found in First Security's favor on one of the fraud claims, and awarded First Security damages of $6,250, plus interest and costs, and attorney fees of $3,000. The court also ordered that pursuant to 11 U.S.C. 523(a)(2)(A), its judgment was not dischargeable in bankruptcy. The district court affirmed the bankruptcy court's ruling, and Ellison appeals to this court. We have jurisdiction under 28 U.S.C. 158(d).
 
 
 4
 Ellison raises two issues on appeal. First, he contends that there is insufficient evidence to support the bankruptcy court's determination that he committed fraud in leasing the trailers. "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." Fed. R.App. P. 10(b)(2). Though Ellison's argument challenging the sufficiency of the evidence contains numerous citations to the trial transcript, he has not filed the trial transcript in this court. That failure precludes our review of his claim of insufficient evidence. Rubner & Kutner, P.C. v. United States Trustee (In Re Lederman Enters., Inc.), 997 F.2d 1321, 1323 (10th Cir.1993); Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979-80 (10th Cir.1992).
 
 
 5
 As his second issue, Ellison challenges the bankruptcy court's award of $3,000 in attorney fees to First Security. The master lease agreement provided that if Ellison breached the agreement, First Security was entitled to recovery of its attorney fees incurred as a result of the breach. Ellison contends that the bankruptcy court not only incorrectly awarded First Security its attorney fees, but in fact, should have awarded him his attorney fees and costs because he was actually the prevailing party. His argument is based on Utah Code Ann. 78-27-56.5, which states that "[a] court may award costs and attorney's fees to either party that prevails in a civil action based upon any ... written contract ... when the provisions of the ... contract ... allow at least one party to recover attorney's fees." He contends that because First Security recovered only $6,250 of its total claim of $261,134, he was the real prevailing party.
 
 
 6
 Ellison's appellate argument on this issue is also deficient. Again, his argument refers to the unfiled trial transcript; we therefore will not consider this portion of the argument. More importantly, he cites no legal authority supporting his argument that he is the "prevailing party" in this matter. See Phillips v. Calhoun, 956 F.2d 949, 953 (10th Cir.1992)(declining to consider issue in part because appellant's position not even minimally supported by legal argument or authority).[2] In fact, he ignores contrary authority, including the Utah case law on which the district court relied. It may be true, as he contends, that the statute quoted above has not been interpreted by Utah courts. However, the key issue here is who was the prevailing party, and the Utah Supreme Court has stated that "[i]t has been generally held that a party in whose favor an affirmative judgment is rendered, whether or not the judgment is for less than initially sought in the complaint, is a 'prevailing party' within the meaning of a statute awarding attorney's fees to the prevailing party." Highland Constr. Co. v. Stevenson, 636 P.2d 1034, 1038 (Utah 1981). In the case cited by the district court, the Utah Court of Appeals relied on Highland Construction in rejecting an argument virtually identical to Ellison's. See Brown v. Richards, 840 P.2d 143, 155 (Utah Ct.App.1992)("It is the determination of culpability, not the amount of damages, that determines who is the prevailing party."), cert. denied, 853 P.2d 897 (Utah 1993). Thus, we agree with the district court that First Fidelity was the prevailing party in this case.
 
 
 7
 Finally, First Security requests an award of its attorney fees on appeal both on the basis of the lease agreement and on the basis that Ellison's arguments on appeal are meritless, asserted in bad faith, and therefore sanctionable under 28 U.S.C.1927. Fees awarded based on the lease agreement would be chargeable against Ellison and are subject to our discretion, see Hoyt v. Robson Cos., 11 F.3d 983, 984-85 (10th Cir.1993). Fees awarded pursuant to 1927 would be chargeable only against Ellison's counsel and are also subject to our discretion. Neither Ellison nor his counsel responded to First Security's request for sanctions. We conclude that the deficiencies in this appeal--the failure to file the trial transcript and the failure to cite legal authority to support an issue--are primarily counsel's responsibilities and are sanctionable. See 10th Cir. R. 10.3 ("[I]t is counsel's responsibility to see that the record on appeal is sufficient for consideration and determination of the issues on appeal."); cf. McEnery v. Merit Sys. Protection Bd., 963 F.2d 1512, 1516-17 (Fed.Cir.1992) (awarding sanctions on appeal for failing to reference or discuss controlling authority). Thus, IT IS ORDERED that First Security is awarded $500 as sanctions against Ellison's counsel personally, and not against his client.
 
 
 8
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Other than the reference to the statute regarding attorney fees, Ellison did not cite any legal authority supporting any of the arguments he raised on appeal