**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

FRANCISCO LOPEZ,

　　　　　Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,*

　　　　　Defendant-Appellee.

No. 97-2133
(D.C. No. CIV-95-13-MV)
(D. N.M.)

ORDER AND JUDGMENT**

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

---

* 　　　Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. Pub. L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

** 　　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from the district court's affirmance of the Secretary's determination that he is not disabled and is, therefore, not entitled to disability benefits or supplemental security income benefits. On appeal, plaintiff argues (1) the administrative law judge (ALJ) failed to give controlling weight to the opinion of his treating physician that he is disabled by pain; (2) the ALJ erred in applying the Medical-Vocational Guidelines (grids), 20 C.F.R. pt. 404, subpt. P, app. 2, because he suffers from nonexertional impairments; and (3) the ALJ erred in disregarding the vocational expert's testimony that he was disabled.[1] "We review the Secretary's decision to determine whether [the] factual findings are supported by substantial evidence in the record viewed as a whole" and whether

---

[1] The record indicates that plaintiff raised the following issues before the appeals council: (1) the ALJ did not give full consideration to his nonexertional psychological limitations or to the vocational expert's testimony; (2) he was not given an opportunity to cross examine the medical advisor; and (3) the ALJ was biased. Plaintiff did not raise all of the arguments he raises in federal court to the appeals council. Nonetheless, we do not apply the waiver rule in this case because the parties did not have notice of James v. Chater, 96 F.3d 1341, 1343-44 (10th Cir. 1996) (holding "issues not brought to the attention of the appeals council on administrative review may, given sufficient notice to the claimant, be deemed waived on subsequent judicial review"), at the time plaintiff appealed to the appeals council.

correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). We affirm.

Plaintiff alleges disability due to a back injury, causing pain and depression. The ALJ denied benefits after determining that although plaintiff has "severe impairments consisting of a bulging L3-4 disc and a herniated L5-[S]1 disc," I Admin. R. at 26, he retains the residual functional capacity (RFC) to perform a full range of light work. The ALJ further determined that plaintiff's nonexertional pain does not impose any restrictions on performing light work. Accordingly, the ALJ concluded plaintiff is not disabled and denied benefits at step five of the controlling five-step analysis. See 20 C.F.R. §§ 404.1520, 416.920.

Plaintiff first argues that the ALJ erred in not giving controlling weight to his treating doctor's finding of disability and failed to give specific and legitimate reasons for discounting the doctor's opinion. Although the Secretary will give controlling weight to the treating doctor's opinion regarding the nature and severity of the claimant's impairments if the opinion is well supported by medical evidence and "is not inconsistent with other substantial evidence in the record," the treating doctor's opinion on the ultimate question of disability is not dispositive because the Secretary has the final responsibility to determine disability. Castellano, 26 F.3d at 1029.

In a short, undated, "[t]o whom it may concern" note, Dr. Baten, the treating doctor, stated as follows: "This is to verify that [plaintiff] continues to be under [m]y care and is totally disabled. He suffers from intractable back pain and is currently on medication and rest." II Admin. R. at 397. Dr. Baten's treatment notes for nearly three and one half years, however, are not consistent with this brief, conclusory statement of disability. In addition, Dr. Baten indicated in an RFC form he filled out at the Secretary's request that plaintiff can occasionally lift twenty-five pounds three to four hours a day, has unlimited ability to stand and walk, could sit if he is allowed to change positions, and has no limitations on pushing or pulling. This RFC assessment indicates plaintiff does, as the ALJ found, have the ability to perform a full range of light work, which involves lifting no greater than twenty pounds at a time, frequent lifting or carrying of ten pounds, and a good deal of standing or walking or some pushing or pulling of arm or leg controls when it involves sitting most of the time. See 20 C.F.R. §§ 404.1567(b), 416.967(b).

Furthermore, no other doctors stated that plaintiff was disabled. The medical advisor who examined plaintiff's medical records and testified at the ALJ hearing stated that he disagreed with Dr. Baten's conclusion of disability. A consulting doctor, after examining plaintiff, indicated only that plaintiff should avoid heavy lifting and repetitive bending and twisting of his back. Another

-4-

consulting doctor reported that plaintiff was not motivated to work and his major problem was psychological. A consulting clinical psychologist noted that plaintiff exaggerated his symptoms. See Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990) (exaggerated complaints of pain are not taken lightly).

Plaintiff believes the ALJ improperly relied on the reports of the consulting doctors and medical advisor. We disagree. Generally, the opinions of nonexamining doctors are given less weight than those of examining doctors, but that does not mean opinions of medical advisors are entitled to no weight. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); see also Talbot v. Heckler, 814 F.2d 1456, 1463 (10th Cir. 1987) (reports of reviewing doctors are given less weight than those of examining doctors). Although the treating doctor's opinion regarding the severity of a claimant's impairments is generally favored over that of a consulting doctor, see Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995), the ALJ did not give inappropriate weight to the consulting doctors. Considering the lack of consistency between Dr. Baten's brief, conclusory opinion and the record as a whole, we conclude the ALJ did not err in rejecting Dr. Baten's opinion that plaintiff is disabled. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995).

Plaintiff next argues the ALJ erred in applying the grids, because his nonexertional impairments of pain and psychological symptoms do not fit

-5-

precisely within the grids.  The ALJ may apply the grids without relying on vocational testimony if the ALJ determines the plaintiff has no significant impairments affecting his RFC.  See Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995); see also Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (mere presence of nonexertional impairment does not preclude reliance on grids if nonexertional impairment would not impair plaintiff's ability to work).

The ALJ determined plaintiff's complaints of disabling pain lacked credibility and his pain was not so severe as to preclude him from performing a full range of light work.  In evaluating complaints of pain, this court considers (1) whether the plaintiff proved by objective medical evidence an impairment causing pain; (2) whether there was a nexus between the impairment and the subjective complaints of pain; and (3) considering all of the evidence, whether the pain was disabling.  See Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992).  It is undisputed that plaintiff suffered from a medical impairment likely to cause pain and that there was a nexus between the impairments and his subjective complaints of pain.  Considering all of the evidence, however, there was not substantial evidence to prove the pain was disabling, and plaintiff's testimony alone was not enough to establish he suffered from disabling pain.  See id. Plaintiff stopped going to the pain clinic to which he was referred by Dr. Baten for treatment after settling his worker's compensation claim even though his

medical benefits continued for two years under the terms of the settlement agreement. Nothing in the record indicates plaintiff's pain is so severe that it precludes him from performing light work. We therefore defer to the ALJ's credibility finding regarding plaintiff's pain. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

Although plaintiff suffers from some psychological problems, the evidence does not indicate that he has a psychological impairment of such severity that it prevents him from working. See Coleman v. Chater, 58 F.3d 577, 580 (10th Cir. 1995). Thus, the ALJ did not err, as plaintiff suggests, in failing to order another consulting psychological examination to evaluate his RFC. Cf. Thompson, 987 F.2d at 1491 (when there is no evidence upon which ALJ could make RFC assessment, ALJ should exercise discretionary power to order consultative examination).

We conclude the ALJ correctly relied on the grids after finding that plaintiff did not have significant nonexertional impairments and could perform a full range of light work. See id. at 1488.

Plaintiff argues the ALJ erred in disregarding the vocational expert's testimony that plaintiff is disabled, because the ALJ asked the hypothetical questions setting forth plaintiff's impairments. The ALJ, however, determined the hypothetical questions contained functional limitations plaintiff did not have.

Because plaintiff did not have significant nonexertional impairments, as indicated above, the ALJ properly relied on the grids and vocational expert testimony was not needed. Also, as indicated above, the ALJ alone has the final responsibility for determining disability. Cf. Castellano, 26 F.3d at 1029 (treating doctor).

The Secretary argues that plaintiff is precluded from raising an argument concerning a somatoform pain disorder because he did not first raise the argument in the district court. We are unable to determine exactly what plaintiff raised in the district court because plaintiff failed to provide us with a copy of his brief to that court. See 10th Cir. R. 10.3 (counsel bears responsibility to ensure record on appeal is complete); see also Rubner & Kutner, P.C. v. United States Trustee (In re Lederman Enters., Inc.), 997 F.2d 1321, 1323 (10th Cir. 1993) (same). Plaintiff did not argue a somatoform pain disorder in his objections to the magistrate judge's report and recommendation, which has been provided to this court. See Soliz v. Chater, 82 F.3d 373, 375-76 (10th Cir. 1996) (specific issues not raised in objections to magistrate judge's report and recommendation are deemed waived and are not to be addressed on appeal unless in interests of justice to do so). It appears the argument was not first raised in the district court. Unless there are compelling reasons to consider newly raised arguments, we decline to do so. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994). Here, there are no compelling reasons to consider a somatoform pain disorder.

Any indication in the administrative record of such an impairment is merely conclusory, as are plaintiff's arguments to this court regarding a somatoform pain disorder.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge