**George Gregory JACKSON, Plaintiff,**

v.

**YELLOW TECHNOLOGY SERVICES, INC.; Yellow Logistics; Yellow Freight Systems; Yellow Corporation; Andersen Consulting; Analysts International Corp., Defendants.**

No. Civ.A. 97–2274–KHV.

United States District Court, D. Kansas.

Dec. 19, 1997.

George Gregory Jackson, Salt Lake City, UT, pro se.

Robert W. McKinley, Swanson, Midgley, Gangwere, Kitchin & McLarney, LLC, Kansas City, MO, for Yellow Technology Services, Inc., Yellow Logistics, Yellow Freight Systems, Yellow Corp.

Leonard Singer, James R. Holland, II, Bioff, Singer & Finucane, Kansas City, MO, for Andersen Consulting.

Kimberly A. Jones, Blackwell, Sanders, Matheny, Weary & Lombardi L.L.P., Kansas City, MO, for Analyst Intern. Corp.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on *Defendants' Motion To Dismiss* (Doc. # 4) filed October 14, 1997, by Yellow Technology Services, Yellow Logistics, Yellow Freight Systems and Yellow Corporation ("the Yellow defendants"); *Yellow Technology Services' Motion For A Preliminary And Permanent Injunction* (Doc. # 6) filed October 14, 1997; *Defendant Analysts International Corporation's Motion To Dismiss* (Doc. # 10) filed October 21, 1997; and *Defendant Andersen Consulting's Motion For Summary Judgment* (Doc. # 18) filed November 26, 1997.

### Facts

On January 29, 1996, plaintiff filed lawsuits against five of the above-referenced defendants. *See George Gregory Jackson v. Analysts International Corp.,* Case No. 96–2055; *George Gregory Jackson v. Andersen Consulting,* Case No. 96–2056; and *George Gregory Jackson v. Yellow Technology Services, Inc.,* Case No. 96–2057 (collectively referred to as *"Jackson I"*). Plaintiff claimed that defendants violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* when they terminated his employment on account of his disability. The Court determined as a matter of law that plaintiff was not disabled within the meaning of the ADA, and on February 12, 1997, it entered summary judgment for defendants. *See Jackson v. Analysts International Corp.,* 956 F.Supp. 1568 (D.Kan.1997).[1]

Four months later, on June 6, 1997, plaintiff filed this pro se action. He now alleges that defendants "contributed to violation of the employment agreement and terminated the plaintiffs [sic] employment without just cause or reason" and "contributed to providing conditions of employment which violated the civil rights of plaintiff and of other employees and persons interconnected in the employment events and events interconnected outside of employment." In support of his claims, plaintiff asserts the following facts (grammar and spelling in original):

The working atmosphere was that of netted webs of interneted and intraneted flows of interactive objected oriented information on a fluxing time line schedule which were confidential and health oriented and invasion of privacy portrayed and communited by that of a tagged profile of actions and events in a parallel multidimensional syncronization theatrical pupetry work environment and situation which violated the freedom of speech thought and actions.

Providing a work environment which interacted with multiregional employment conditions of previous and future employers which constituted enslavement practices in the recruitment and employment conditions of every day work and forcing people to interact and perform actions under a big picture entry point national model and interactive economic type of master plan.

### Analysis

Although plaintiff does not reference any disability claim in his current complaint, he alleges that defendants violated his civil rights by imposing certain conditions of employment and terminating his employment without cause.

■ Res judicata (claim preclusion) "precludes a party or its privies from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits." *King v. Union Oil Co.,* 117

---

1. Prior to summary judgment, the Court dismissed plaintiff's claims against Yellow Corporation and Yellow Freight Systems because plaintiff had failed to exhaust administrative remedies against them. *See Order* (Doc. # 77) entered November 26, 1996.

F.3d 443, 445 (10th Cir.1997). For the doctrine to apply, three elements must exist: (1) a judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits. *Id.* Applying these factors to the case now before it the Court finds that res judicata precludes plaintiff's claims against Yellow Technology Services, Inc., Yellow Freight Systems, Yellow Corporation, Andersen Consulting and Analysts International Corporation.

■ First, the Court's prior orders were judgments on the merits. The pending appeal in *Jackson I* does not invalidate the res judicata effect of the judgment. *See Phelps v. Hamilton,* 122 F.3d 1309, 1318 (10th Cir. 1997).

Second, except for Yellow Logistics, which was not a party in *Jackson I,* the identical parties are involved.[2]

■ Third, the necessary identity of the cause of action is present. The Tenth Circuit adopts a transactional approach in determining what constitutes a "cause of action" for res judicata purposes. *See King,* 117 F.3d at 445 (citing *Petromanagement Corp. v. Acme–Thomas Joint Venture,* 835 F.2d 1329, 1335 (10th Cir.1988)). Under this transactional approach, a final judgment extinguishes all rights of a plaintiff to remedies with respect to all or any part of a transaction, or series of connected transactions, out of which the action arose. In determining what constitutes a "transaction" or "series" the Court views the evidence pragmatically, considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit. *See King,* 117 F.3d at 445.

In *Jackson I,* plaintiff alleged that defendants discriminated against him on the basis of a disability in terminating his employment. In this lawsuit, plaintiff alleges that defendants' conditions of employment and termination of his employment violated his civil rights. Under the transactional approach explained above, plaintiff's claim constitutes the same cause of action and is therefore barred. Plaintiff has had his opportunity to present any claims arising from the termi-

nation of his employment and the working conditions while employed; plaintiff cannot have two bites at the apple. *See id.* (res judicata bars not only claims that were actually brought but those that could have been brought).

■ The Yellow defendants ask the Court to enjoin plaintiff from filing future actions arising from his employment. To obtain injunctive relief, defendants must establish (1) that they will suffer irreparable injury unless the Court issues the relief; (2) that the threatened injury to them outweighs whatever damage the proposed injunction may cause plaintiff; (3) that the injunction, if issued, would not be adverse to the public interest; and (4) a substantial likelihood that they will succeed on the merits. *See Equimed, Inc. v. Genstler,* 925 F.Supp. 710, 714–15 (D.Kan.1996) (citing *Walmer v. U.S. Dept. of Defense,* 52 F.3d 851, 854 (10th Cir.) *cert. denied* 516 U.S. 974, 116 S.Ct. 474, 133 L.Ed.2d 403 (1995)).

Defendants argue that injunctive relief is appropriate because of possible future inconsistent rulings and the expense of relitigating the same claims, because the only "harm" to plaintiff is that he accept the original judgment of this Court and the opinion to be rendered on appeal in *Jackson I,* because the public interest is always served by preserving judicial resources, and because the likelihood of success on the merits is high, given the Court's entry of summary judgment in *Jackson I.*

The Court is not persuaded that injunctive relief is warranted. Although the right of access to the courts is neither absolute nor unconditional and the Constitution confers no right to prosecute frivolous or malicious actions, filing restrictions are a harsh sanction. *See Winslow v. Hunter,* 17 F.3d 314, 315 (10th Cir.1994). In this circuit, the remedy has been afforded only when a party engages in a pattern of litigation activity which is manifestly abusive and straining on court resources, particularly when a plaintiff abuses *in forma pauperis* status. *Id.* Here, however, plaintiff paid the filing fee, and the

---

2. Defendants present no evidence that Yellow Logistics is in privity with the Yellow defendants.

Accordingly res judicata cannot apply to this defendant.

defendants do not establish a pattern of manifest abuse. Accordingly defendants' motion for a preliminary and permanent injunction is overruled.

█ Finally, the Court overrules the Yellow defendants' request for attorney fees and costs. Defendants first seek an award under the ADA, 42 U.S.C. § 12205.[3] Plaintiff did not file this case under the ADA, however, and an award under Section 12205 is not appropriate. Alternatively defendants seek relief under 28 U.S.C. § 1927.[4] The Court declines to make such an award because defendants fail to demonstrate that 28 U.S.C. § 1927 reaches plaintiff, a non-attorney who is proceeding pro se. *See In re Ellison,* 62 F.3d 1428, 1995 WL 478154 at *2 (10th Cir.1995) (fees awarded pursuant to Section 1927 chargeable only against counsel); *Braley v. Campbell,* 832 F.2d 1504, 1511 (10th Cir.1987) *(on reh'g en banc)* (detailing imposition of sanctions upon attorney). Accordingly defendants' request for attorney fees and costs is overruled.

**IT IS THEREFORE ORDERED** that *Defendant Analysts International Corporation's Motion To Dismiss* (Doc. # 10) filed October 21, 1997, and *Defendant Andersen Consulting's Motion For Summary Judgment* (Doc. # 18) filed November 26, 1997, should be and hereby are sustained.

**IT IS FURTHER ORDERED** that *Defendants' Motion To Dismiss* (Doc. # 4) filed October 14, 1997, should be and hereby is sustained as to Yellow Technology Services, Yellow Freight Systems and Yellow Corporation and overruled as to Yellow Logistics. Defendants' request for attorney fees and costs is overruled as to all defendants.

**IT IS FURTHER ORDERED** that *Yellow Technology Services' Motion For A Preliminary And Permanent Injunction* (Doc. # 6)

filed October 14, 1997, should be and hereby is overruled.

---

**3.** 42 U.S.C. § 12205 provides:

**Attorney's fees**
In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

**4.** 28 U.S.C. § 1927 provides:

**Counsel's liability for excessive costs**
Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.