In re ELAC FOOD CORPORATION,
Debtor.

Carlos Rodriguez QUESADA, Appellant,

v.

BANCO BILBAO VIZCAYA—
P.R., Appellee.

No.  Civ.  97–1785(SEC).

United States District Court,
D. Puerto Rico.

Sept. 30, 1998.

Anibal Escanellas–Rivera, San Juan, PR, for debtor.

Richard A. Lee, San Juan, PR, for appellant.

William Santiago–Sastre, Meléndez–Pérez, Moran & Santiago, San Juan, PR, for appellee.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is an appeal (**Dockets # 2, 4**) taken by Carlos Rodríguez Quesada, trustee for debtor Elac Food Corporation (the "trustee"), of an order from the United States Bankruptcy Court for the District of Puerto Rico ("Bankruptcy Court") entered on April 17, 1997.

In its order, issued in Case No. 95–00418(GAC), the Bankruptcy Court denied the trustee's application for leave to retain special counsel in an adversary proceeding, Case No. 96–0093, commenced against the trustee by Banco Bilbao Vizcaya—P.R. ("BBV") for alleged breach of the trustee's fiduciary duties. The Bankruptcy Court determined that leave to retain special counsel to defend against said suit pursuant to Sections 327 and 330 of the Bankruptcy Code was not appropriate because the "suit is against the trustee in his personal capacity for negligence and violation of his fiduciary duties. The suit is not against the estate."

For the reasons stated below in this Opinion and Order, the Bankruptcy Court's decision is **REVERSED** and this action **REMANDED** for further proceedings consistent with this Opinion and Order.

### Factual Background

We shall limit our recounting of the facts to those that are relevant to the instant appeal. Furthermore, unless separately noted, we take the facts as they are presented by BBV in its complaint against trustee in Adversary Proceeding No. 96–0093.

Appellant Carlos Rodríguez Quesada is the Chapter 7 trustee for the debtor corporation in Case No. 95–0418. BBV filed a notice of appearance in said case on February 21, 1995. Subsequently, on March 2, 1995, BBV filed a proof of claim in the amount of $750,-017.34, secured by a chattel mortgage in the amount of $294,000 over certain restaurant equipment and furniture which was the property of the estate. Said chattel mortgage was registered at the Registry of Property, Section II of San Juan, on August 3, 1994.

BBV claims that it had received a $125,000 offer for the above-mentioned equipment but that it opted for a public sale because the trustee had led it to believe that a better price could be obtained through said mechanism. However, both parties agreed that there was no guarantee of a minimum price at a public auction. With that in mind, the trustee requested that a representative from BBV be present at the auction; at that time, the trustee did not inform BBV of a date for the auction. BBV claims that it fully intended to have a representative present at the auction to safeguard the Bank's interests.

On July 11, 1995 the trustee filed a notice of intent to sell the equipment at a public auction. The notice of intent stated that the minimum bid price was $250,000 and that BBV was a lienholder. The trustee filed a certificate of mailing of the notice of intent to sell the equipment dated June (sic) 30, 1995, certifying that on July 11, 1995 he sent the notice by regular mail to all parties in interest as per the master address list, as well as to the Office of the United States Trustee. The address list that accompanied the certificate of mailing did not include BBV, or its counsel.

The trustee separately certified that the notice of intent to sell the equipment was sent to BBV's counsel; however, BBV claims that its counsel never received said notice of intent to sell. As a result, BBV did not send a representative to the scheduled auction, a fact which BBV claims that trustee was aware of. The equipment was eventually auctioned off to eighteen purchasers for a total sum of $30,461.00.

BBV avers that had it been aware of the auction, it would not have approved the sale

of the equipment for said sum. BBV also claims that it did not become aware of the auction until two days after the equipment had been surrendered to the eighteen purchasers. Furthermore, the trustee did not file a motion to sell the equipment free and clear of BBV's lien.

Paragraph 1 of the complaint against the trustee states: "The present action is against the Chapter 7 Trustee Carlos Rodríguez Quesada in his personal, *and official capacity* with regard to the performance of his fiduciary duties to creditors." ¶ 1 of the complaint, *emphasis ours.* The complaint further alleges: "The trustee's negligent omission in noticing the public sale, and selling the mortgaged property without the bank's consent is the proximate loss of approximately $264,000.00 to [BBV]." ¶ 16 of the complaint. Finally, BBV alleges that "[t]he trustee is personally liable to the Bank for this loss because of his violation of his fiduciary duties as trustee to the plaintiff creditor. He proceeded to sale [sic] the Bank's mortgaged equipment without the bank's consent, or knowledge." ¶ 17 of the complaint.

**Procedural Background**

This Court has jurisdiction to entertain this appeal pursuant to 28 U.S.C. § 158(a). Appellant trustee did not consent to jurisdiction by the Bankruptcy Appellate Panel as required under 28 U.S.C. § 158(b)(1). In its Notice of Appeal, appellant noted that the parties in interest are BBV, as plaintiff in the aforementioned adversary proceeding, and the United States Trustee, pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3)(H).

Appellant correctly notes that neither of these two parties is appellee herein because the Order from which this appeal is taken is not directed to any position taken by said parties. In fact, BBV, which had originally been designated as appellee, so reiterated in an Informative Motion filed in the present appeal whereby it stated that "it is the sincere belief of [BBV] that it in fact is not an Appellee in this case. Therefore, no Appellee Brief will be filed unless this Honorable Court deems otherwise." **(Docket # 6).** Furthermore, at no time did the United States Trustee file any objection to the trust-

ee's application for leave to engage special counsel.

The Bankruptcy Court determined that under Sections 327 and 330 of the Bankruptcy Code, the trustee should not be granted leave to employ special counsel in the adversary proceeding instituted by BBV. The Bankruptcy Court determined the issue raised by the trustee's application for employment of special counsel as "whether the employment serves only the trustee's self-interest or whether the appointment is for the benefit of the estate."

In its decision denying the trustee's request to employ special counsel, the Court concluded that "the suit is against the trustee in his personal capacity for negligence and violation of his fiduciary duties. The suit is not against the estate." The Bankruptcy Court found that the hiring of counsel to defend what it understood to be a suit against the trustee solely in his personal capacity was not "necessary for the protection and benefit of the estate"; thus, it determined that "the trustee should pay for his own counsel unless he can prove that the services will be for the benefit of the estate."

The trustee appealed the Bankruptcy Court's denial of leave to employ special counsel and has designated the following two issues on appeal:

1. Whether the Bankruptcy Court abused its discretion in denying the trustee authorization to engage legal counsel to defend him in his official capacity from a complaint which expressly asserts claims against the trustee in that capacity and, further, when the Bankruptcy Court denied the trustee's motion to dismiss the complaint as to the trustee in his official capacity.

2. Whether a trustee can be required by the Bankruptcy Court to defend an action at his personal expense upon which the bankruptcy estate may be held liable.

**Standard of Review**

Rule 8013 of the Federal Rules of Bankruptcy Procedure provides that a reviewing court may affirm, modify or reverse a bankruptcy court's judgment, order, or decree, or

it may remand with instructions for further proceedings. Fed.R.B.P. 8013.

The Bankruptcy Court's findings of fact shall be upheld unless they are clearly erroneous, and the Bankruptcy Court's conclusions of law shall be reviewed *de novo.* *T.I. Federal Credit Union v. DelBonis,* 72 F.3d 921, 928 (1st Cir.1995). This standard is the same as an appellate court's review of a district court order. *In Re Savage Industries,* 43 F.3d 714, 719 (1st Cir.1994).

**Applicable Law/Analysis**

Section 327(a) of the Bankruptcy Code authorizes the trustee to employ legal counsel subject to the court's prior approval. The only requirements under this section are that the professional person hired not hold an interest adverse to the estate and that it be a disinterested person. 11 U.S.C. § 327(a).

In turn, Section 330 provides that the court may award to an attorney "reasonable compensation for actual, necessary services rendered by such ... attorney." 11 U.S.C. § 330(a)(1). Courts have found that a task is necessary if it reasonably facilitates the successful representation of an estate. *In re Rheam of Indiana,* 133 B.R. 325, 335 (E.D.Pa.1991). In fact, the Tenth Circuit Court of Appeals has held that the question of whether the attorney's services benefitted the estate is a threshold one, stating that "the beneficial nature of legal services must be determined before a reasonableness inquiry may even be conducted," thus limiting compensation under Section 330 to professional services that benefit the estate. *In re Lederman Enterprises, Inc.,* 997 F.2d 1321, 1323 (10th Cir.1993).

We find that while the Bankruptcy Court applied the correct legal standard in its Section 330 determination, the Court reached the incorrect legal conclusion when it held that the complaint filed by BBV was clearly against the trustee only in his personal capacity, rather than also against the estate.

■ Courts have found that "[t]here is no question but that a trustee, acting within the scope of his or her authority or with the benefit of an authorizing and properly noticed court order, performs his or her duties with the benefit of judicial immunity." *In re J.F.D. Enterprises, Inc.,* 223 B.R. 610, 625 (B.Ct.Mass.1998). However, the cloak of immunity will not cover a trustee against personal liability, either to the estate or to a particular creditor, for breaches of fiduciary duty. *In re San Juan Hotel Corporation,* 847 F.2d 931, 937 (1st Cir.1988).

The First Circuit has found that "federal courts including this one have 'uniformly held that bankruptcy trustees are subject to personal liability for the willful and deliberate violation of their fiduciary duties.'" *Id., quoting Connecticut General Life Insurance Company v. Universal Insurance Company,* 838 F.2d 612, 621 (1st Cir.1988). The Court added that "[s]uch liability may be imposed either for the benefit of the estate in the form of a surcharge, or for the benefit of a creditor in the form of damages in a direct action against the trustee." *Id.*[1]

■ While a trustee may be held personally liable for breaches of his fiduciary duties, when a trustee is sued in his "official capacity" it is really a suit against the estate. "For purposes of standing in litigation, an estate in bankruptcy is viewed as a distinct entity, but not as a legal person. Thus, the estate can be sued, but only in the name of its trustee. Such an action involves only the trustee's 'official capacity,' so that the estate, rather than the trustee personally, is liable." *In re Markos Gurnee Partnership,* 182 B.R. 211, 215 (Bkrtcy.N.D.Ill.1995). Thus, in an action filed by a creditor against the trustee in his personal and official capacity, such as the present one, if the Court finds that the trustee did not violate his fiduciary duties, then the estate may be liable for the harm suffered by the creditor if the trustee is found to have acted wrongly within his "official capacity." "The general personal immunity of bankruptcy trustees—which applies to

---

1. The First Circuit has yet to determine whether a trustee's negligence in carrying out his fiduciary duties is sufficient to impose personal liability. At least one bankruptcy court within this circuit has established an intermediate standard of liability: that "trustees should not be deemed to have violated their fiduciary duty and become subject to personal liability unless they are found to have acted with gross negligence." *In Re J.F.D. Enterprises,* 223 B.R. at 628.

claims other than for breach of bankruptcy-related fiduciary duties, arising out of the operation of the estate—renders the estate rather than the trustee liable." *Id.* at 220.

We find that notwithstanding BBV's profession to the contrary (**See Docket # 6, BBV's Informative Motion),** the complaint in Adversary Proceeding No. 96–0093 clearly contains a claim against the trustee in his official capacity, and therefore, against the estate. Thus, the Bankruptcy Court's legal determination that the trustee is only being sued in his personal capacity must be **RE-VERSED.** We hereby **REMAND** this case to the Bankruptcy Court for a determination on the merits of trustee's Section 327 application in light of our holding that the action filed by BBV clearly runs against the estate as well as the trustee in his personal capacity.

## Conclusion

Pursuant to the above discussion, the decision of the Bankruptcy Court is **RE-VERSED** and the above-captioned action is hereby **REMANDED** to the Bankruptcy Court for further proceedings consistent with this opinion. Judgment will be entered accordingly.

**SO ORDERED.**