**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 18 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BEHLES-GIDDENS, P.A., now known
as J.D. BEHLES AND ASSOCIATES,
P.C.,

        **Appellant,**

vs.

ANGEL PROJECT I, LTD., and
UNITED STATES TRUSTEE,

        **Appellees.**

**No. 98-2198**
**(D.C. No. CIV-97-1127 JC/RLP)**
**(D. New Mexico)**

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY** and **McWILLIAMS**, Circuit Judges, and **WEST**, District Judge[1]

---

Appellant Behles-Giddens, P.A. (Behles-Giddens), was employed pursuant to title 11,

section 1103 of the United States Code as legal counsel for a property owners' committee

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. Citation of orders and judgment is generally disfavored; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]The Honorable Lee R. West, Senior United States District Judge for the Western District of Oklahoma, sitting by designation.

appointed in a bankruptcy proceeding involving Angel Fire Corporation.[2] In re Angel Fire Corporation, No. 11-93-12176. As such, Behles-Giddens was required to have its fees and expenses approved by the bankruptcy court. 11 U.S.C. §§ 330(a)(1), 1103.

In an Order dated September 18, 1995, the Honorable Stewart Rose, United States Bankruptcy Judge for the District of New Mexico, after a hearing on Behles-Giddens' second, third and fourth Applications for Compensation, awarded Behles-Giddens the total sum of $535,507.05 in attorneys' fees. The Order was appealed to the district court and the matter was assigned to the Honorable Santiago E. Campos, United States District Court for the District of New Mexico, who referred it to United States Magistrate Judge Richard L. Puglisi.

Magistrate Judge Puglisi deemed Judge Rose's factual findings inadequate and the legal basis used indeterminable and he recommended that the matter be remanded. Judge Campos adopted the recommended disposition and the matter was remanded to the bankruptcy court on October 3, 1996.

The case was eventually transferred to the Honorable Roland J. Brumbaugh, United States Bankruptcy Judge for the District of New Mexico, in June 1997. On August 11, 1997, Judge Brumbaugh, after reviewing a transcript of the earlier hearing, again awarded fees to Behles-Giddens in the amount of $535,507.05. He also prohibited Behles-Giddens from

_____

[2]Although this bankruptcy proceeding was consolidated for administrative purposes with proceedings involving four wholly-owned subsidiaries, the property owners' committee was appointed only in the Angel Fire Corporation matter.

submitting any further applications for compensation. Behles-Giddens again appealed to the district court. The matter was assigned to the Honorable John Conway, United States District Judge for the District of New Mexico, who in turn referred the matter to Magistrate Judge Puglisi.

On June 22, 1998, Magistrate Judge Puglisi recommended that Judge Brumbaugh's Memorandum Opinion and Order be affirmed and on July 15, 1998, Judge Conway adopted that recommendation. This appeal followed.

Behles-Giddens has raised numerous issues on appeal. Having reviewed the factual findings made by Judge Brumbaugh under a "clearly erroneous" standard and having considered de novo the questions of law, e.g., Virginia Beach Federal Savings and Loan Ass'n v. Wood, 901 F.2d 849 (10th Cir. 1990), we find Behles-Giddens has raised no issue that warrants the relief requested.

Title 11, section 330 of the United States Code authorizes a bankruptcy court to award "reasonable compensation for actual, necessary services . . . ." 11 U.S.C. § 330(a)(1)(A). "An element of whether the services were 'necessary' is whether they benefitted the bankruptcy estate." In re Lederman Enterprises, Inc., 997 F.2d 1321, 1323 (10th Cir. 1993)(citation omitted). A determination of whether the claimed services were actual and/or necessary is dispositive of the issues presented in this case.

Based upon our review of the record, we find the award of $535,507.05 is reasonable compensation for the actual and necessary services rendered by Behles-Giddens.

3

Accordingly, we AFFIRM for substantially the same reasons set forth in Judge Brumbaugh's Memorandum Opinion and Order dated August 11, 1997, and Magistrate Judge Puglisi's Proposed Analysis and Recommended Disposition dated June 22, 1998, which were adopted and affirmed by Judge Conway on July 15, 1998.

Entered for the Court


Lee R. West
Senior District Judge

4